IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PIETER TEEUWISSEN, ANTHONY R. SIMON,
AND SIMON & TEEUWISSEN, PLLC                                                      PLAINTIFFS

V.                                          CIVIL ACTION NO. __3:22-cv-9-HTW-LGI__

HINDS COUNTY, MISSISSIPPI,
by and through its Board of Supervisors,
DAVID ARCHIE, individually and in his
official capacity, CREDELL CALHOUN,
individually and in his official capacity,
ROBERT GRAHAM, individually and
in his official capacity, and JOHN DOES I - V,
individually and in their official capacities                                     DEFENDANTS

## COMPLAINT

### Plaintiffs Demand Trial by Jury

NOW INTO COURT come the Plaintiffs, Pieter Teeuwissen, Anthony R. Simon, and Simon & Teeuwissen, PLLC, and file this their Complaint against Defendants herein, and in support thereof, state the following:

### I.   PARTIES

1.      Plaintiff, Pieter Teeuwissen ("Teeuwissen") is an adult resident citizen of the state of Mississippi. At all material times, Plaintiff Teeuwissen was and is an attorney licensed to practice law in the state of Mississippi, and a member of the law firm Simon & Teeuwissen, PLLC.

2.      Plaintiff, Anthony R. Simon ("Simon") is an adult resident citizen of the state of Mississippi. At all material times, Plaintiff Simon was and is an attorney licensed to practice law in the state of Mississippi, and a member of the law firm Simon & Teeuwissen,

PLLC.

3.      Plaintiff Simon & Teeuwissen, PLLC is a limited liability company, organized and existing under the laws of the state of Mississippi. At all material times, Simon and Teeuwissen, PLLC engaged in the business of the practice of law, by and through its individual members, attorneys Simon and Teeuwissen.

4.      Defendant Hinds County, Mississippi is a political subdivision of the State of Mississippi. This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, Credell Calhoun, and/or the Chancery Clerk of Hinds County, Eddie Jean Carr, at the Chancery Courthouse, 316 S. President Street, Jackson, Mississippi. At all material times, Defendant Hinds County acted through its Board of Supervisors and through the individual Defendants named herein, individually, and in their capacity as members of the Hinds County Board of Supervisors.

5.      Defendant David Archie is an adult resident citizen of the state of Mississippi, ostensibly residing in Hinds County, Mississippi. At all material times, Defendant Archie was an elected member of the Hinds County Board of Supervisors, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Hinds County, Mississippi through, among other means, contracting with individuals and entities on behalf of Hinds County to provide such services. Defendant Archie is sued individually and in his official capacity as a Hinds County Supervisor. Defendant Archie may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times

material hereto, was acting under color of state law in his official capacity as a Supervisor and member of the Board of Supervisors of Hinds County, Mississippi, and actions of Defendant Archie were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Hinds County, Mississippi and the state of Mississippi.

6. Defendant Credell Calhoun is an adult resident citizen of the state of Mississippi, ostensibly residing in Hinds County, Mississippi. At all material times, Defendant Calhoun was an elected member of the Hinds County Board of Supervisors, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Hinds County, Mississippi through, among other means, contracting with individuals and entities on behalf of Hinds County to provide such services. Defendant Calhoun is sued individually and in his official capacity as a Hinds County Supervisor. Defendant Calhoun may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in his official capacity as a Supervisor and member of the Board of Supervisors of Hinds County, Mississippi, and actions of Defendant Calhoun were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Hinds County, Mississippi and the state of Mississippi .

7. Defendant Robert Graham is an adult resident citizen of the state of Mississippi, ostensibly residing in Hinds County, Mississippi. At all material times,

Defendant Graham was an elected member of the Hinds County Board of Supervisors, vested with the responsibility and authority to supervise, set, adopt, implement, and enforce policies and procedures and to provide governmental services to the citizens of Hinds County, Mississippi through, among other means, contracting with individuals and entities on behalf of Hinds County to provide such services. Defendant Graham is sued individually and in his official capacity as a Hinds County Supervisor. Defendant Graham may be served with process by personal service in accordance with Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Said Defendant, at times material hereto, was acting under color of state law in his official capacity as a Supervisor and member of the Board of Supervisors of Hinds County, Mississippi, and actions of Defendant Graham were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Hinds County, Mississippi and the state of Mississippi.

8.      Defendants John Does I - V are individuals who are elected officials with and/or employed by the Hinds County Board of Supervisors, Hinds County, Mississippi, or one or more other political subdivisions of the state of Mississippi. The identity of John Does I - V is not known to Plaintiffs at this time. John Does I - V are sued in both their individual and official capacities as elected officials and/or employees of each such political subdivision,. John Does I - V, on information and belief, are adult resident citizens of Hinds County, Mississippi, whose residence addresses are unknown to Plaintiffs. Said Defendants may be served with process when their identity and address becomes known to Plaintiffs. Defendant Hinds County, Mississippi, is liable for the wrongful acts, omissions, and conduct

of its employees and elected officials, and John Does I - V who are Hinds County officials or employees. Defendants John Does I - V, at times material hereto, were acting under color of state law in their official capacities as elected officials and/or employees of each such political subdivision, and actions of said Defendants were done and performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Hinds County, Mississippi, the state of Mississippi and/or any such political subdivision associated with any such Defendant.

9. The individual Defendants named herein acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi, Hinds County, Mississippi, and pursuant to their authority as officers, agents, employees, and representatives of Hinds County, Mississippi and the state of Mississippi.

## II.   JURISDICTION

10. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to state law. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III.   VENUE

11. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b).

IV.   **FACTS**

A.   **The Hinds County Board of Supervisor's Attorney contract**

12.   On September 16, 2019, Hinds County, Mississippi and Pieter Teeuwissen entered into a contract ("Board Attorney contract"). The Board Attorney contract is attached to this Complaint as Exhibit 1.

13.   The stated purpose of the contract was the employment of Teeuwissen as the Board Attorney for the Hinds County Board of Supervisors, and in that capacity for Teeuwissen to perform legal work for Hinds County and the Hinds County Board of Supervisors. The term of the contract was fixed, and stated to commence on October 1, 2019 and to terminate on September 1, 2020. The contract provided that it would automatically renew on a yearly basis, unless cancelled in conformity with the contract's cancellation provisions, including specified notice requirements. The contractually stated consideration to be paid to Teeuwissen was a fixed amount of $3,500 per month, or $42,000 per year.

14.   Although the Board Attorney contract was never properly terminated pursuant to its terms, the contract specified that even in the event of termination, Teeuwissen was to be paid the entire amount due under the contract, throughout the stated term. Specifically, the contract provided that:

> Further, if terminated prior to the termination date specified in Paragraph 4 within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

Ex. 1 at ¶ 2.

15.   On January 6, 2020, after a motion made by Defendant Archie at a meeting of the Hinds County Board of Supervisors, and a subsequent vote in favor of the motion by

Defendants Archie, Calhoun and Graham, the Board Attorney contract was ostensibly "terminated." A certified copy of the minutes of the January 6, 2020 meeting of the Hinds County Board of Supervisors is attached as Exhibit 2.

16. To date, Teeuwissen has not been paid the remaining amounts due Teeuwissen under the Board Attorney contract.

B.   **The Hinds County - Special Legal Counsel contract**

17. On September 16, 2019, Hinds County, Mississippi and Anthony Simon and Pieter Teeuwissen, practicing as Simon & Teeuwissen, PLLC, entered into a contract ("Special Counsel contract"). The Special Counsel contract is attached to this Complaint as Exhibit 3.

18. The stated purpose of the contract was the employment of Simon & Teeuwissen, PLLC, specifically, attorneys Anthony Simon and Pieter Teeuwissen, as attorneys for the Board of Supervisors to ". . . represent the County in legal matters ranging from contracts to professional services to litigation to legal advice, day-to-day matters, as well as any and all matters that may give rise to liability . . . ." Ex. 3 at 1.

19. The term of the contract was fixed, and stated to commence on October 1, 2019 and to terminate on September 1, 2020. The contract provided that it would automatically renew on a yearly basis, unless cancelled in conformity with the contract's cancellation provisions, including specified notice requirements. The contractually stated consideration to be paid to Simon & Teeuwissen, PLLC was a fixed amount of $199,000 per year.

20. Although the Special Counsel contract was never properly terminated pursuant to its terms, the contract specified that even in the event of termination, Simon & Teeuwissen, PLLC was to be paid the entire amount due under the contract, throughout the stated term. Specifically, the contract provided that:

> Further, if terminated for reason other than cause prior to the termination date within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

Ex. 3 at ¶ 2.

21. On January 6, 2020, after a motion made by Defendant Archie at a meeting of the Hinds County Board of Supervisors, and a subsequent vote in favor of the motion by Defendants Archie, Calhoun and Graham, the Special Counsel contract was ostensibly "terminated."

22. To date, Anthony Simon, Pieter Teeuwissen, and Simon & Teeuwissen, PLLC have not been paid the remaining amounts due Simon, Teeuwissen and/or Simon & Teeuwissen, PLLC under the Special Counsel contract.

23. Defendants have failed to pay Plaintiffs amounts due under the contracts and have caused Plaintiffs financial injury and damages.

24. At all times relevant herein the individual Defendants, Archie, Calhoun, and Graham, were elected supervisors of the Defendant Hinds County, Mississippi, who were acting in their individual capacities and in their official capacities as elected officials and/or employees of the defendant, Hinds County, Mississippi.

25. At all times relevant herein the individual Defendants, Archie, Calhoun, Graham, and John Does I - V, were acting in their individual capacities and pursuant to an

official policy of the Defendant, Hinds County, Mississippi. At all material times, the individual Defendants, Archie, Calhoun, Graham, and John Does I - V acted under color of state law in terminating the contracts and depriving Plaintiffs of a constitutionally protected property interest in the contractual benefits.

26. At all material times, Simon, Teeuwissen and Simon & Teeuwissen, PLLC ("Plaintiffs") had a vested, constitutionally protected property right and interest in the contracts and performance of the contracts by Defendants created from, recognized by, and protected through Mississippi state substantive contract law. At all material times, Plaintiffs had a legitimate claim of entitlement to the benefits of Plaintiffs' bargains, the performance of the contracts by Defendants.

27. Plaintiffs' property interest in the contracts created and protected by state law was and is constitutionally protected. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 494 (1985).

28. Plaintiffs were deprived of their constitutionally protected property interests under circumstances that were constitutionally deficient, and the procedures attendant upon the deprivations were not constitutionally sufficient.

29. As Plaintiffs had a constitutionally recognized and protected property interest in the contracts and contract benefits associated with the public employment contracts, Plaintiffs were entitled to procedural due process prior to and related to any deprivation of Plaintiffs' constitutionally protected property interests.

30. A fundamental and essential principal of due process is that a deprivation of a property interest be preceded by notice, and an opportunity for a hearing before the

deprivation. *Loudermill* at 543. At no time prior to the Defendants' termination of the contracts were Plaintiffs afforded any constitutionally required notice or opportunity to be heard or for a hearing.

31. Notwithstanding that Defendants Archie, Calhoun, and Graham had (a) actual knowledge of the terms and conditions of the contracts (b) actual knowledge of the legal obligations imposed on Hinds County and its Board of Supervisors as a result of entering into the contracts (c) actual knowledge of Plaintiffs' constitutionally protected property interest in the performance of the contracts by Defendants, and (d) actual and/or imputed knowledge of constitutional substantive and procedural due process requirements, Defendants Archie, Calhoun, Graham and Hinds County, without proper notice under the contracts, without affording Plaintiffs any opportunity to be heard or for a pre-deprivation hearing, while acting under color of state law, intentionally and/or deliberately terminated the contracts and failed to perform the contracts, thereby depriving Plaintiffs of their constitutionally protected property interests and constitutionally protected due process rights and causing such deprivation and damages.

32. Defendants' conduct unconstitutionally deprived Plaintiffs of a constitutionally protected right to due process and a property interest in violation of constitutional procedural and/or substantive due process protections, causing Plaintiffs' damages.

## V.   CAUSES OF ACTION

### Count I - Deprivation of Constitutional Rights
### Cognizable under 42 U.S.C. § 1983 and 42 U.S.C. § 1988

33. Plaintiffs incorporate herein Paragraphs 1. through 32. above as if reproduced in full.

34. At all times, Plaintiffs were vested with constitutional rights and protections under the United States Constitution, and amendments thereto, including, but not limited to, substantive and procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution to pre-deprivation notice and hearing rights and to their property.

35. By and through the conduct of Defendants herein, Plaintiffs were deprived of their constitutional rights, and, as a result thereof, suffered injury, loss of property, and financial damages.

36. Specifically, and in support of such claims, Plaintiffs would show that at all times material hereto, Defendants were vested with the state authority and non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, Defendants commenced to implement a policy, custom, usage or practice wherein the rights of Plaintiffs were violated causing deprivation of due process rights and property interests.

37. Specifically, the Defendants engaged in a course of conduct that resulted in a violation of Plaintiffs' rights to the protection of the laws of the United States of America,

the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

38. The constitutional violations complained of include, but are not limited to:

- failing to provide pre-deprivation notice to Plaintiffs as required by the constitution, violating rights secured by the United States Constitution and 42 U. S. C. § 1983;

- failing to provide a pre-deprivation hearing or right to be heard;

- intentionally, deliberately, arbitrarily, and capriciously terminating the Board Attorney contract in violation of Plaintiffs' constitutional rights;

- intentionally, deliberately, arbitrarily, and capriciously terminating the Special Counsel contract in violation of Plaintiffs' constitutional rights;

- intentionally, deliberately, arbitrarily, and capriciously failing to pay to Plaintiffs' amounts due Plaintiffs under the contracts according to the contracts' terms, regardless of the ostensible termination of the contracts;

- acting with deliberate indifference and reckless disregard of Plaintiffs' property interests protected by the United States Constitution and 42 U. S. C. § 1983.

39. Defendants' deprivation of identifiable civil rights including Plaintiffs' due process rights and property interests, resulted in a deprivation that was sufficiently serious wherein the Defendants acted deliberately, and/or intentionally, by willful indifference and/or intentional acts designed and intended to cause and causing the deprivations.

40. Such acts of the individual Defendants Archie, Calhoun, and Graham were committed under color of law and under each individual's authority as an elected official, officer, agent, and/or employee of Hinds County, Mississippi, and were deliberate, intentional, and committed with deliberate indifference to Plaintiffs' constitutionally protected property interest and due process rights. As a result, Plaintiffs were deprived of their property interest, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

41. The individual Defendants' acts were not random and the deprivations were not the result of random, unauthorized conduct, but rather the individual Defendants' conduct constituted an abuse of their broadly delegated, uncircumscribed power to effect the deprivations complained of herein.

42. Alternatively, the acts and/or omissions of the individual Defendants herein were performed under the color and pretense of the ordinances, regulations, policies, customs, and usages of Hinds County, Mississippi. At times relevant, Defendants Archie, Calhoun, Graham and John Does I - V, as elected officials, supervisors, employees of Hinds County and as members of the Hinds County Board of Supervisors were acting under the direction and control of and for Hinds County, Mississippi, which acted through its agents and employees who were responsible for making policy of Hinds County, its supervisors

and operations, Archie, Calhoun, Graham and John Does I - V were acting pursuant to either official policy or the practice, custom, and usage of the County and its Board of Supervisors. At no time did there exists a reasonable relationship between any such ordinances, regulations, policies, customs, and usages of Hinds County, Mississippi and any legitimate governmental interest.

43.     Plaintiffs' resulting injuries and damages were also directly and proximately caused by the following intentional, deliberate and/or deliberately indifferent acts and omissions of the Defendants and/or their agents or employees including, but not limited to:

a.  The failure of Defendant Hinds County, by and through its agents, employees, and servants, to monitor, direct, and supervise the policies and procedures of their supervisors, officers, agents, employees or servants, thus depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions;

b.  The failure of Defendant Hinds County to properly and adequately train their supervisors, officers, employees and agents on the Board of Supervisors to promulgate and enforce rules and regulations regarding the manner and techniques for the control, supervision and training of their employees; thus depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions.

c.  The failure of Defendant Hinds County to establish and/or enforce proper and appropriate procedures and regulations which would have controlled or governed the actions of its supervisors, officers, agents, and/or employees

        under the circumstances outlined in this Complaint; thus depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions.

    d.    The failure of Defendants Hinds County, Archie, Calhoun, Graham and John Doe I - V defendants to adequately supervise the actions of officers, agents, and/or employees under the circumstances outlined in this Complaint; thus depriving members of the public, including Plaintiffs, of their rights under the United States and Mississippi Constitutions.

    e.    The intentional, deliberate and/or deliberately indifferent acts and omissions of Defendants constituted policies that evidence a clear violation of and deliberate indifference to the rights of Plaintiffs under the United States and Mississippi Constitutions.

    44.    Acting under color of law, by and through the policy-makers of the County and pursuant to official policy or custom and practice, the County intentionally, knowingly, deliberately and with deliberate indifference to the rights of the inhabitants of the County and Plaintiffs failed to instruct, supervise, train, control, and/or discipline, on a continuing basis, Defendants Archie, Calhoun, Graham, and John Does I - V, in the performance of their duties to prevent the injuries and damages to Plaintiffs, and to prevent violation of the rights and privileges of citizens guaranteed by the Constitution and laws of the United States and the laws of the State of Mississippi; and to prevent deprivations of citizens' constitutional and statutory rights, privileges and immunities.

45. The County had knowledge of or, had it diligently exercised its duties to instruct, train, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as hereto before alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant Hinds County had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the County and Plaintiff failed or refused to do so.

46. Defendant Hinds County, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, arbitrary and capricious conduct of Defendants Archie, Calhoun, Graham and John Does I - V, as heretofore described.

47. Defendants' acts are violative of 42 U.S.C. § 1983, 42 U.S.C. § 1988 and/or the Fifth and Fourteenth Amendments to the United States Constitution. As a result of such acts, Plaintiffs sustained damages as set forth herein and are entitled to compensation and entry of judgment against Defendants.

### Count II - Breach of Contract

48. Paragraphs 1. through 47. above are incorporated herein as if reproduced in full.

49. At the time that Hinds County on the one hand, and Plaintiffs on the other hand, agreed to the terms and conditions of the written agreements constituting the Board Attorney contract and the Special Counsel contract, an agreement was formed whereby Plaintiffs on the one hand, and Hinds County, its Board of Supervisors, and/or one or more individual Defendants on the other hand, entered into a contractual relationship. By entering

into this contractual relationship, Defendants became imposed with contractual obligations to honor the terms and conditions of the contracts, including the obligation to pay to Plaintiffs all amounts owed under the contracts.

50. By and through Defendants' acts and omissions as set forth herein, Defendants breached such contracts.

51. As a result of Defendants' breach of contracts, Plaintiffs suffered injury and damages as set forth herein.

### Count III - Vicarious Liability

52. Paragraphs 1. through 51. are incorporated herein as though reproduced in full.

53. At times, Defendants Archie, Calhoun, Graham and John Does I - V, acted in the course and scope of their employment and under the direction and control of Defendant Hinds County, Mississippi. Defendant Hinds County, Mississippi is therefore liable and responsible for the acts, omissions and damages caused by Archie, Calhoun, Graham and John Does I - V, under theories of vicariously liability, *respondeat superior*, employee/employer liability, agent/principal liability, and other common law and statutory impositions of vicarious liability.

### VI. DAMAGES

54. The allegations of Paragraphs 1. through 53. are incorporated herein as if reproduced in full.

55. Plaintiffs would show that Defendants are liable to Plaintiffs for all actual and compensatory, incidental and consequential, damages, including, but not limited to, the

following, to-wit: Plaintiffs are entitled to compensatory damages for the breach of contracts, including an award of all amounts due and payable Plaintiffs under the contracts and other such damages to be determined by the jury, in an amount to be determined by the fact-finder or jury in this action; in addition to damages including, but not limited to, attorneys' fees, pre-judgment interest on all such amounts, and costs. Plaintiffs seek all other relief, either general or specific, as the Court and jury may deem appropriate.

### VII.  DECLARATORY JUDGMENT ACTION AND EQUITABLE RELIEF

56.	The allegations of Paragraphs 1. through 55. are incorporated herein as if reproduced in full.

57.	Pursuant to FED. R. CIV. P. 57, Plaintiffs request that this Court declare that the practices, polices, rules and customs complained of in this Complaint are unlawful in that they violate the constitutional rights of citizens.

58.	Further, Plaintiffs request that this Court enter its Order to permanently enjoin the Defendants and their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Constitution of the United States of America, and order that Defendants adopt and implement a comprehensive system to safeguard against constitutional violations and illegal conduct, including implementation of a system designed to prevent against the future occurrence of such acts as complained of herein, and to protect citizens from like constitutional violations in the future, and to require Defendants to submit a plan to this Court outlining the steps it will take to prevent such future conduct and to comply with the Orders of this Court.

59. Further, Plaintiffs request that pursuant to FED. R. CIV. P. 57 (Declaratory Judgments) that this Court declare the rights, status, and other legal relations by and between Plaintiffs and Defendant Hinds County with respect to the Board Attorney contract and the Special Counsel contract, including, but not limited to, the effective term of such contracts and the amounts due Plaintiffs under the contracts.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Court will take jurisdiction over this cause and, after hearing the evidence, will award all relief due Plaintiffs as set forth herein, including but not limited to the following:

(i) declare that the practices, polices, rules and customs complained of in this Complaint are unlawful in that they violate the constitutional rights of citizens and Plaintiffs;

(ii) permanently enjoin the Defendants and their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the Constitution of the United States of America, and order that Defendants adopt and implement a comprehensive system to safeguard against constitutional violations and illegal conduct, including implementation of a system designed to prevent against the future occurrence of such acts as complained of herein, and to protect citizens from like constitutional violations in the future, and to require Defendants to submit a plan to this Court outlining the steps it will take to prevent such future conduct and to comply with the Orders of this Court;

(iii) order that the Defendants pay Plaintiffs a sum in excess of $75,000 as compensatory damages arising from the aforesaid misconduct of Defendants as set forth herein, and enter judgment against Defendants and in favor of Plaintiffs in an amount in excess of $75,000, or in such amount as found due and owing by the jury and/or this Court;

(iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance;

(v) order the Defendants to pay Plaintiffs' costs and expenses, including expert witness fees and reasonable attorney's fees, and prejudgment interest on all amounts found due and owing, including, but not limited to, those attorneys' fees found properly awardable pursuant to 42 U.S.C. § 1988(b), and;

(vi) grant such other and further relief, of either an equitable or legal nature, to the Plaintiffs as the Court deems just and proper.

Respectfully submitted, this the 6th day of January, 2022.

                        **PIETER TEEUWISSEN, ANTHONY R. SIMON, and SIMON & TEEUWISSEN, PLLC, PLAINTIFFS**

               BY:   */s Michael T. Jaques*
                        Michael T. Jaques, Esq.
                        Counsel for Plaintiffs

MICHAEL T. JAQUES, ESQ (MSB. No. 8708)
SIMMONS DALLAS, LLC
240 Trace Colony Park, Suite 100
Ridgeland, Mississippi 39157
(601) 933-2040
(601) 933-2050 (Facsimile)