**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**PIETER TEEUWISSEN, ANTHONY R. SIMON,**
**AND SIMON & TEEUWISSEN, PLLC**                                       **PLAINTIFFS**

**V.**                                           **CIVIL ACTION NO. 3:22-cv-9-HTW-LGI**

**HINDS COUNTY, MISSISSIPPI,**
**by and through its Board of Supervisors,**
**DAVID ARCHIE, individually and in his**
**official capacity, CREDELL CALHOUN,**
**individually and in his official capacity,**
**ROBERT GRAHAM, individually and**
**in his official capacity, MISSISSIPPI ASSOCIATION**
**OF SUPERVISORS INSURANCE TRUST,**
**And JOHN DOES I-V, individually**
**and in their official capacities**                                       **DEFENDANTS**

**ANSWER AND DEFENSES OF DEFENDANT**
**MISSISSIPPI ASSOCIATION OF SUPERVISORS INSURANCE TRUST**
**TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW the Mississippi Association of Supervisors Insurance Trust (hereinafter

"MASIT"), by and through counsel, and herewith files its Answer and Defenses to Plaintiffs'

Amended Complaint, and denies that it is liable to Plaintiffs' for any sum or form of relief

whatsoever, and in opposition to said Amended Complaint shows unto the Court as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should,

accordingly, be dismissed.

SECOND DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively

avers that, contrary to the mutually contradictory allegations contained in the Amended

Complaint, it is, and fully qualifies as, a political subdivision of the State of Mississippi as that

1

term is defined in and by the Mississippi Tort Claims Act (hereinafter "the Act"), that this action

is exclusively governed by the terms and provisions of the Act.  Plaintiffs' claims against

MASIT are based upon an alleged 'unequivocal' requirement *imposed by the Act* upon Hinds

County to indemnify its Board Members.  Plaintiffs cannot base their claims upon an Act they

claim does not apply, and the Amended Complaint should be dismissed.

## THIRD DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively

avers that Plaintiffs' have wholly failed to comply with the statutory terms, provisions,

conditions precedent and requirements contained in the Act in order to file suit against MASIT,

including, but not limited to, failure to serve a statutory Notice of Claim upon MASIT.  This

Defendant invokes all and singular of the rights, privileges, immunities, exemptions and

provisions of the Act.  This Defendant further moves to dismiss all state law claims asserted in

the Amended Complaint for failure to comply with statutory notice requirements imposed upon

Plaintiffs by the Act.

## FOURTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively

denies that Plaintiffs are entitled to a jury trial against MASIT, as the Act provides exclusively

for non-jury bench trials against entities governed by the Act.

## FIFTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively

avers that Plaintiffs are strangers to the contract they seek declaratory relief from, lack standing

to assert the claims set forth in the Amended Complaint as against MASIT, and accordingly

move to dismiss the Amended Complaint.

2

## SIXTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that this Court lacks subject matter jurisdiction over this action as to MASIT, in that Plaintiffs' claims as against MASIT in the Amended Complaint are, by Plaintiff's own admission, wholly unrelated to any federal question, nor is there any other basis of or for federal jurisdiction; accordingly the Amended Complaint should be dismissed.

## SEVENTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant affirmatively avers that the Memorandum of Coverage issued by it and paid for by Hinds County, Mississippi, does not provide coverage for actions sounding in breach of contract, which is the exact basis of Plaintiffs' Complaint and Amended Complaint, that this Defendant owes no defense or indemnity coverage for the allegations and claims of Plaintiffs as framed and contained in the Complaint and Amended Complaint.

## EIGHTH DEFENSE

Without waiving any defense herein elsewhere asserted, this Defendant responds to the Amended Complaint, paragraph by paragraph, as follows:

1.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Amended Complaint, but would nevertheless admit same.

2.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Amended Complaint, but would nevertheless admit same.

3.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Amended Complaint, but would nevertheless admit same.

4.  This defendant admits the allegations contained in paragraph 4 of the Complaint.

5.  This defendant admits that defendant David Archie is a duly elected and serving supervisor of Hinds County, Mississippi.  This defendant denies the rest and remainder of paragraph 5 of the Amended Complaint as phrased.

6.  This defendant admits that defendant Credell Calhoun is a duly elected and serving supervisor of Hinds County, Mississippi.  This defendant denies the rest and remainder of paragraph 6 of the Amended Complaint as phrased.

7.  This defendant admits that defendant Robert Graham is a duly elected and serving supervisor of Hinds County, Mississippi.  This defendant denies the rest and remainder of paragraph 7 of the Amended Complaint as phrased.

7.1.  This defendant admits that it is an insurance trust formed exclusively by counties of the State of Mississippi pursuant to statute and wholly funded by taxpayer monies contributed by various participating counties, which may be served with process herein by service upon its administrator, Derrick Surrette.  This defendant denies the rest and remainder of paragraph 7.1 of the Amended Complaint.

8.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Amended Complaint, and therefore denies the same.

9.  This defendant denies the allegations contained in paragraph 9 of the Amended Complaint as phrased.

10. This defendant denies the allegations contained in paragraph 10 of the Complaint as against this defendant.

11. This defendant, while denying subject matter jurisdiction over it in this matter, admits that this Court has venue over this matter.

12. This defendant admits the allegations of paragraph 12 on information and belief.

13. This defendant is without knowledge or information sufficient to form a belief as to the allegation contained in paragraph 13 of the Amended Complaint as they allege the intent and purpose of the referred-to contract; this defendant is not a party to the referred-to contract and is without knowledge or information sufficient to form a belief as to the terms of the contract, which speak for themselves, and therefore denies the rest and remainder of paragraph 13 to the extent that it incorrectly recites the terms, provisions and conditions of the contract.

13.1. This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.1 of the Amended Complaint, and therefore denies the same.

14. This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint, and therefore denies the same.

15. This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint, but upon information and belief, subject to the accuracy of Exhibit 2 to the Amended Complaint, would nevertheless admit the same.

16.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Amended Complaint, and therefore denies the same.

17.  This defendant is not a party to the referred-to contract attached to the Amended Complaint as Exhibit 3, and is without knowledge or information sufficient to form a belief as to the terms of the contract, which speak for themselves, but, subject to the authenticity and accuracy of Exhibit 3 to the Amended Complaint, nevertheless admit the allegations contained in paragraph 17 of the Complaint to the extent that it incorrectly recites the terms, provisions and conditions of the referred-to contract.

18.  This defendant is without knowledge or information sufficient to form a belief as to the allegation contained in paragraph 18 of the Amended Complaint as they allege the intent and purpose of the referred-to contract; this defendant is not a party to the referred-to contract and is without knowledge or information sufficient to form a belief as to the terms of the contract, which speak for themselves, and therefore denies the rest and remainder of paragraph 18 to the extent that it incorrectly recites the terms, provisions and conditions of the contract.

19.  This defendant is without knowledge or information sufficient to form a belief as to the allegation contained in paragraph 19 of the Amended Complaint as they allege the intent of the referred-to contract; this defendant is not a party to the referred-to contract and is without knowledge or information sufficient to form a belief as to the terms of the contract, which speak for themselves, and therefore denies the rest and remainder of paragraph 19 to the extent that it incorrectly recites the terms, provisions and conditions of the contract.

19.1.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.1 of the Amended Complaint, and therefore denies the same.

20.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint, and therefore denies the same.

21.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint, and therefore denies the same.

22.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Amended Complaint, and therefore denies the same.

23.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Amended Complaint, and therefore denies the same.

24.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint as they relate to the capacities in which the named individuals acted at all times mentioned in the Amended Complaint, and therefore denies the same.

25.  This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint as they relate to the capacities in which the named individuals acted at all times mentioned in the Amended Complaint, and therefore denies the same.

26.  This defendant denies the allegations of paragraph 26 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

27.  This defendant denies the allegations of paragraph 27 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

27.1.  This defendant denies the allegations of paragraph 27.1 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

28.  This defendant denies the allegations of paragraph 28 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

29.  This defendant denies the allegations of paragraph 29 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

30.  This defendant denies the allegations of paragraph 30 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

31.  This defendant denies the allegations of paragraph 31 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

32.  This defendant denies the allegations of paragraph 32 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

33.  This defendant incorporates herein by reference for all purposes all and singular of its admissions, denials, defenses and affirmative averments set forth hereinabove.

34.  This defendant denies the allegations of paragraph 34 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

35.  This defendant denies the allegations of paragraph 35 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

36.  This defendant denies the allegations of paragraph 36 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

37.  This defendant denies the allegations of paragraph 37 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

38.  This defendant denies the allegations of paragraph 38 of the Amended Complaint, including all subparagraphs thereof, insofar as they apply or are sought to be applied to this defendant.

39.  This defendant denies the allegations of paragraph 39 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

40.  This defendant denies the allegations of paragraph 40 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

41.  This defendant denies the allegations of paragraph 41 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

42.  This defendant denies the allegations of paragraph 42 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

43.  This defendant denies the allegations of paragraph 43 of the Amended Complaint, including subparagraphs a, b, c, d, and e thereof, *inclusive,* insofar as they apply or are sought to be applied to this defendant.

44.  This defendant denies the allegations of paragraph 44 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

45.  This defendant denies the allegations of paragraph 45 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

46.  This defendant denies the allegations of paragraph 46 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

47.  This defendant denies the allegations of paragraph 47 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

47.1.  The allegations of paragraph 47.1 of the Amended Complaint, including subparagraphs (A) and (B) thereof, *inclusive,* do not apply to this defendant; this defendant denies the allegations of paragraph 27.1 of the Amended Complaint, including subparagraphs (A) and (B) thereof, *inclusive,* insofar as they apply or are sought to be applied to this defendant.

48.  This defendant incorporates herein by reference for all purposes all and singular of its admissions, denials, defenses and affirmative averments set forth hereinabove.

49.  This defendant denies the allegations of paragraph 49 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

50.  This defendant denies the allegations of paragraph 50 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

51.  This defendant denies the allegations of paragraph 51 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

52.  This defendant incorporates herein by reference for all purposes all and singular of its admissions, denials, defenses and affirmative averments set forth hereinabove.

53.  This defendant denies the allegations of paragraph 53 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

53.1.  The allegations of paragraph 53.1 of the Amended Complaint, including subparagraphs (A) and (B) thereof, *inclusive,* do not apply to this defendant; this defendant

denies the allegations of paragraph 53.1 of the Amended Complaint, including subparagraphs (A) and (B) thereof, *inclusive,* insofar as they apply or are sought to be applied to this defendant.

54.  This defendant incorporates herein by reference for all purposes all and singular of its admissions, denials, defenses and affirmative averments set forth hereinabove.

55.  This defendant denies the allegations of paragraph 55 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

<u>RESPONSE TO DELARATORY JUDGMENT ACTION AND EQUITABLE RELIEF</u>

56.  This defendant incorporates herein by reference for all purposes all and singular of its admissions, denials, defenses and affirmative averments set forth hereinabove.

57.  This defendant denies the allegations of paragraph 57 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

58.  This defendant denies the allegations of paragraph 58 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

59.  Paragraph 59 of the Amended Complaint is a request by Plaintiffs for a declaration of rights between Plaintiffs and co-defendant Hinds County, Mississippi, and does not include any allegation or request for relief as to this defendant; if such allegation or request for relief is intended to apply to this defendant, then such relief or allegation is denied.

60.  This defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

61.  This defendant admits that the memorandum of coverage issued by it to Hinds County, Mississippi, does not afford indemnity or defense cost coverage for the claims asserted against Hinds County, Mississippi, or any individual defendant named herein, known or

unknown. This defendant denies the rest and remainder of paragraph 61 of the Amended Complaint.

62. This defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

63. This defendant denies the allegations contained in paragraph 63 of the Amended Complaint, and affirmatively avers that Plaintiffs cannot and have not made any *prima facie* showing necessary and requisite for this Court to even consider equitable reformation of the subject memorandum of coverage.

64. This defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

65. This defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

66. This defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

67. This defendant admits the allegations contained in paragraph 67 of the Amended Complaint.

68. This defendant denies that indemnity or defense coverage exists under the Memorandum of Coverage issued by it to Hinds County, Mississippi, and applicable during the year 2020 (the year in which the services of Plaintiff were terminated by Hinds County, Mississippi) for Hinds County, Mississippi, or any employee and/or elected official thereof with regard to the claims, demands and asserted causes of action contained in the Amended Complaint pursuant to the plain language of the Memorandum of Coverage. This defendant

denies the rest and remainder of the allegations contained in paragraph 68 of the Amended Complaint.

69.  This defendant denies the allegations contained in paragraph 69 of the Amended Complaint as phrased.

70.  This defendant denies the allegations contained in paragraph 70 of the Amended Complaint as phrased.

71.  This defendant denies the allegations contained in paragraph 71 of the Amended Complaint.

72.  This defendant admits the allegations contained in paragraph 72 of the Amended Complaint.

73.  This defendant affirmatively avers that Miss. Code Ann. §11-46-7(2) speaks for itself; this defendant denies the rest and remainder of paragraph 73 of the Amended Complaint to the extend it alters, amends or departs from the current statutory language of Miss. Code Ann. §11-46-7(2).

74.  This defendant admits the allegations contained in paragraph 74 of the Amended Complaint.

75.  This defendant admits the allegations contained in paragraph 75 of the Amended Complaint.

76.  This defendant denies the allegations contained in paragraph 71 of the Amended Complaint as phrased.

77.  This defendant denies the allegations of paragraph 77 of the Amended Complaint insofar as they apply or are sought to be applied to this defendant.

78.  This defendant denies the allegations contained in that certain unnumbered paragraph of the Amended Complaint beginning with the word "WHEREFORE", including subparagraphs (i), (ii), (iii), (iv), (v), (vi), (vii), (viii), (ix), and (x) thereof, *inclusive*, and denies that Plaintiffs are entitled to recover any sum or form of relief whatsoever from this defendant.

79.  This defendant denies each and every allegation and averment contained in the Amended Complaint and not heretofore admitted or denied.

AND NOW, having asserted its defenses and responded to the Amended Complaint, paragraph by paragraph, defendant Mississippi Association of Supervisors Insurance Trust prays that this Court enter its order denying all relief sought herein by Plaintiffs as against this defendant, dismissing the Amended Complaint as to this defendant with prejudice, all costs accrued herein to be taxed unto Plaintiffs.

This the 24th day of March, 2022.

Respectfully submitted,

Mississippi Association of Supervisors
Insurance Trust
Defendant


By:*/s/Robert J. Dambrino III_____*
    Robert J. Dambrino III   (MB#5783)
    Attorney for Defendant

Of Counsel:

GORE, KILPATRICK & DAMBRINO PLLC
Attorneys at Law
P.O. Box 901
Grenada, MS 38902-0901
Ph.    662.226.1891
Fx.    662.226.2237
Eml.   rdambrino@gorekilpatrick.com

## CERTIFICATE OF SERVICE

I, Robert J. Dambrino III, one of the attorneys for Defendant, Mississippi Association of Supervisors Insurance Trust, do hereby certify that I served all counsel of record herein by filing the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel:

Michael T. Jaques, Esq.
SIMMONS DALLAS, PLLC
240 Trace Colony Park Drive
Suite 100
Ridgeland, MS 39157-8810
mjaques@simmonsdallas.com

*Attorney for Plaintiffs*

Jamie Deon Travis, Esq.
Tommy E. Brown, Jr., Esq.
Justin R. Gibbs, II, Esq.
GIBBS TRAVIS PLLC
210 E. Capitol Street
Suite 1810
Jackson, MS 39201
jtravis@gibbstravis.com
tbrown@gibbstravis.com

*Attorneys for Defendants, Hinds County, Mississippi,
David Archie, Credell Calhoun and Robert Graham*

THIS the 24th day of March, 2022.

*/s/Robert J. Dambrino III_____*
Robert J. Dambrino III  (MB#5783)