IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PIETER TEEUWISSEN, et al.**                                                                **PLAINTIFFS**

V.                                                                    CAUSE NO. 3:22-CV-9-CWR-LGI

**HINDS COUNTY, et al.**                                                                  **DEFENDANTS**

## ORDER

Before the Court is defendants' Letter in Response to the Court's 4/28/2022 Text-Only Order, which the Court will construe as a Motion to Clarify. Docket No. 31.

Plaintiffs filed this suit on January 6, 2022. Docket No. 1. On February 23, defendants filed a motion to dismiss. Plaintiffs then filed an amended complaint on February 28. On April 22, the Honorable Henry T. Wingate, to whom this case was assigned, recused himself and the case was transferred to the undersigned.

On April 28, this Court issued a text-only order finding that the amended complaint rendered the motion to dismiss moot. The present letter/motion followed, wherein defendants' counsel states, "I apologize for my confusion but I am not sure why The Court is of the opinion Plaintiffs' amended complaint renders my clients' motion moot? I do not understand why the motion should not be undertaken by the Court and ruled on?" Docket No. 31.

First, the Court directs counsel to Federal Rule of Civil Procedure 15(a)(1)(B). "A party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." That was the case here. Within 21 days of the defendants' motion to dismiss, plaintiffs amended their complaint "as a matter of course." *Id.*

Once amended, as courts in this Circuit and others have repeatedly held, "[t]he filing of an amended complaint generally renders pending motions moot." *Stredwick v. Dall. Margarita Soc'y,*

*Inc.*, No. 3:12-CV-623-F, 2012 U.S. Dist. LEXIS 193512, at *1-2 (N.D. Tex. June 27, 2012). "The greater weight of the authority favors the view that a pending motion to dismiss addressed to the original complaint is mooted by the filing of the amended complaint. That view most readily comports with the well-settled principle that an amended complaint nullifies and supersedes the original complaint." *McMurdy v. Bos. Sci. Corp.*, No. 2:19-CV-301-JRG, 2019 U.S. Dist. LEXIS 199861, at *3 (E.D. Tex. Nov. 19, 2019); *see also Pennell v. Wells Fargo Bank, N.A.*, No. 1:10-CV-582-HSO-JMR, 2011 WL 1838583 at *1 (S.D. Miss. May 12, 2011) (finding by text order that defendant's motion to dismiss was moot in light of the filing of the First Amended Complaint.); *Rodriguez v. Xerox Bus. Servs., LLC*, No. EP-16-CV-41-DB, 2016 U.S. Dist. LEXIS 186613, at *1-3 (W.D. Tex. June 16, 2016) (collecting cases).

That was the case here. The motion to dismiss was, and remains, DENIED WITHOUT PREJUDICE AS MOOT.

**SO ORDERED**, this the 3rd day of May, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
