# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PIETER TEEUWISSEN, et al.**                                                       **PLAINTIFFS**

**V.**                                             **CAUSE NO. 3:22-CV-9-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI, et al.**                                       **DEFENDANTS**

## ORDER

Before the Court is defendants' Motion to Dismiss. Upon review, the motion will be granted.

**I.**      **Factual and Procedural History**

Plaintiff Pieter Teeuwissen and Anthony R. Simon are attorneys, practicing as Simon and Teeuwissen, PLLC. Defendant Hinds County, Mississippi, is a political division of the state of Mississippi, and defendants David Archie, Credell Calhoun, and Robert Graham, are elected members of the Hinds County Board of Supervisors. Defendant Mississippi Association of Supervisors Insurance Trust is an insurer that issued written contracts of insurance and/or indemnity for defendants.

The following allegations are drawn from the Amended Complaint and the parties' briefing.

Teeuwissen and Simon represented the Hinds County Board of Supervisors until their contracts were terminated on January 6, 2020. The motion to terminate their employment was made by defendant Archie at a meeting of the Hinds County Board of Supervisors, and a subsequent vote in favor of the motion by defendants Archie, Calhoun and Graham. Plaintiffs allege that their one-year contracts, for $42,000 and $199,000 per year, respectively, afforded them notice and a hearing prior to termination, and guaranteed them total compensation for the

duration of the one-year agreement notwithstanding early termination. To date, they claim they have not been paid the remainder of their compensation.

This suit was filed on January 6, 2022 and assigned to the Honorable Henry T. Wingate until his recusal. The case was reassigned to the undersigned on April 22. On April 28, this Court issued a text-only order finding that the amended complaint filed February 28 rendered defendants' first motion to dismiss moot.

This motion followed.

**II.     Discussion**

Plaintiffs assert one federal claim and two state law claims in connection with the termination of their employment contracts with the Hinds County Board of Supervisors. *See* Docket No. 17. First, under 42 U.S.C. §§ 1983 and 1988, and the Fifth and Fourteenth Amendments, they assert that their contracts were terminated prematurely and out of protocol resulting in an arbitrary and procedurally deficient deprivation. They also assert claims for breach of contract and vicarious liability.

The Court will begin with the federal claim, as it is the only basis for federal jurisdiction.

"The first inquiry in every due process challenge— whether procedural or substantive— is whether the plaintiff has been deprived of a protected interest in property or liberty." *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017).

Mississippi Code § 19-3-47 authorizes the Board of Supervisors to employ legal counsel by the year. That was the case here. Plaintiffs were hired for one-year terms under this statute.

The County, however, argues that plaintiffs' contracts were voidable in accordance with the common law prohibition against binding successors. This means that "governing bodies, whether they be elected or appointed, may not bind their successors in office by contract, unless

expressly authorized by law, because to do so would take away the discretionary rights and powers conferred by law upon successor governing bodies." *Ne. Mental Health - Mental Retardation Comm'n v. Cleveland*, 187 So. 3d 601, 604 (Miss. 2016).

The Mississippi Supreme Court has "repeatedly . . . applied the rule against binding successors to void all types of agreements, even when that board or municipality had statutory authority to lease or contract, but not statutory authority to bind successors." *Id.* at 605.

That is so here.

Mississippi. Code § 19-3-47 authorizes the Board to contract for one-year terms, but it does not explicitly authorize them to bind successors and thus, consistent with Mississippi law, plaintiffs' contracts were beholden to the rule against binding successors. They were voidable once Board leadership changed.

Plaintiffs counter with an Opinion by former Mississippi Attorney General Mike Moore. In it, his office posits that under Miss. Code Ann. § 19-3-47, termination prior to the expiration of the one-year agreement must be for cause and due process must be afforded. 2002 WL 31169204, at *1 (Miss. A.G. Aug. 9, 2002). But "[o]pinions of the attorney general are not binding on the Court." *Donaldson v. Cotton*, 336 So. 3d 1099, 1102 (Miss. 2022).

Accordingly, plaintiffs have failed to state a protected property interest, and "[i]f there is no protected property interest, there is no process due." *Wigginton v. Jones*, 964 F.3d 329, 335 (5th Cir. 2020) (citing *Spuler v. Pickar*, 958 F.2d 103, 106 (5th Cir. 1992)).

The remainder of plaintiffs' claims are wholly dependent on state law and belong in state court. The Court declines to exercise supplemental jurisdiction over them, mindful of the "general rule" that "courts should decline supplemental jurisdiction [over state law claims] when

all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006).

### III. Conclusion

Defendants' motion to dismiss is GRANTED. The plaintiffs' federal claim is dismissed with prejudice, while their state-law claims are dismissed without prejudice.

**SO ORDERED**, this the 8th day of August, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE