**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PIETER TEEUWISSEN, ANTHONY R. SIMON,
AND SIMON & TEEUWISSEN, PLLC**                                     **PLAINTIFFS**


**V.**                                          **CIVIL ACTION NO. 3:22-cv-9-CWR-LGI**


**HINDS COUNTY, MISSISSIPPI,
by and through its Board of Supervisors,
DAVID ARCHIE, individually and in his
official capacity, CREDELL CALHOUN,
individually and in his official capacity,
ROBERT GRAHAM, individually and
in his official capacity, MISSISSIPPI ASSOCIATION
OF SUPERVISORS INSURANCE TRUST,
and JOHN DOES I - V, individually
and in their official capacities**                                     **DEFENDANTS**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

     Plaintiffs, Pieter Teeuwissen, Anthony R. Simon, and Simon & Teeuwissen, PLLC, have

filed their Motion for Partial Summary Judgment [Dkt. 49] under FED. R. CIV. P. 56, seeking a

judgment declaring that Defendant Hinds County is statutorily required to indemnify Defendants

Archie, Calhoun, and Graham under MISS. CODE ANN. § 11-46-7 for Plaintiffs' claims. This

Memorandum is submitted in support of the Motion.

**INTRODUCTION**

     Plaintiffs' Amended Complaint [Dkt. 17] is a filed civil action, asserting various claims

against Defendants. Plaintiffs' claims include specific allegations of constitutional deprivations by

Defendants, entitling Plaintiffs to damages.

Defendants Hinds County, David Archie, Credell Calhoun, and Robert Graham filed a collective Answer/Affirmative Defenses [Dkt. 25] in response to Plaintiffs' Amended Complaint [Dkt. 17]. In addition to substantive relief and demands for monetary damages, Plaintiffs' Amended Complaint seeks a  judgment declaring that Defendant Hinds County must defend and indemnify the individual Defendants Archie, Calhoun, and Graham with respect to Plaintiffs' claims, as is legally required and statutorily mandated by MISS. CODE ANN. § 11-46-7. [Dkt. 17 at 26 - 27].  In their collective Answer and Affirmative Defenses, Defendants admit the factual allegations of the Amended Complaint establishing Hinds County's statutorily mandated duty to defend and indemnify the individual Defendants. Plaintiffs' Motion for Partial Summary Judgment is filed at the inception of substantive litigation of Plaintiffs' claims in an effort to promptly resolve any potential dispute as to ultimate financial responsibility for Plaintiffs' damages if Plaintiffs prevail, and to avoid potential future delays in the event Defendants later assume inconsistent positions with respect to Hinds County's statutory indemnity obligations to the individually named Defendants.

## UNDISPUTED FACTS AS ALLEGED AND ADMITTED

Plaintiffs claims against the individual Defendants Archie, Calhoun, and Graham (hereinafter "individual supervisors" or "individual Defendants") are plead in Plaintiffs' Amended Complaint. Among other cliams, Plaintiffs' Amended Complaint asserts causes of action against Defendants for deprivation of constitutional rights under 42 U.S.C. § 1983 and § 1988.

Plaintiffs' Amended Complaint also seeks a Declaratory Judgment declaring that Hinds County, as the employer of the individual Defendants, owes the individual Defendants Archie, Calhoun, and Graham indemnification for Plaintiffs' claims. [Dkt. 17 at 26 - 27].

Defendants' joint Answer and Affirmative Defenses [Dkt. 25] filed in response to Plaintiffs' Amended Complaint admits the following allegations of fact set forth in the Amended Complaint. The following facts are therefore admitted, undisputed and material to this Motion:

1. **The individual Defendants were "employees" of Hinds County**.

    *69.    At all material times, Defendant Hinds County was an employer of the Defendants Archie, Calhoun, and Graham ("Board Members").* [Amended Complaint, Dkt. 17 at 26].

    *69.    Defendants admit the allegations contained in paragraph numbered 69 of the complaint*. [Defendants' Answer, Dkt. 25 at 10].

    . . . . .

    *70.    At all material times, the Board Members were employees of Defendant Hinds County.* [Amended Complaint, Dkt. 17 at 26].

    *70.    Defendants admit the allegations contained in paragraph numbered 70 of the complaint.* [Defendants' Answer, Dkt. 25 at 10].

2. **The alleged wrongful acts of the individual Defendants were "within the course and scope" of the individual Defendants' employment with Hinds County for purposes of MISS. CODE ANN. § 11-46-7(2).**

    *71.    The acts and omissions of the Board Members alleged in this Amended Complaint occurred "within the course and scope" of the Board Members' employment as employees of Hinds County pursuant to MISS. CODE ANN. § 11-46-7(2).* [Amended Complaint, Dkt. 17 at 26].

71.     *Defendants admit the allegations contained in paragraph numbered 71 of the*

*complaint.* [Defendants' Answer, Dkt. 25 at 10].

3.     **Plaintiffs's claims against the Board Members have been brought in a court of**

**the United States**.

74.     *Plaintiffs' claims against the Board Members have been brought in a court*

*of the United States.* [Amended Complaint, Dkt. 17 at 26].

74.     *Defendants admit the allegations contained in paragraph numbered 74 of the*

*complaint.* [Defendants' Answer, Dkt. 25 at 10].

## CONCLUSIONS OF LAW

The following legal statutory requirements exist under Mississippi law:

1.     MISS. CODE ANN. § 11-46-7(3) provides in part that:

. . .[E]very governmental entity shall be responsible for providing a defense to its
employees and for the payment of any judgment in any civil action or the settlement
of any claim against an employee for money damages arising out of any act or
omission within the course and scope of his employment;

2.     MISS. CODE ANN. § 11-46-7(4) provides that:

The responsibility of a governmental entity to provide a defense for its employees
shall apply whether the claim is brought in a court of this or any other state or in a
court of the United States.

## ARGUMENT

Notwithstanding that Plaintiffs' federal law constitutional claims do not arise under and have

no relation to the MTCA, the MTCA unequivocally requires that Hinds County indemnify the Board

Members for Plaintiffs' federal law/constitutional, non-MTCA claims. Hinds County is legally

responsible for  "providing a defense to its employees and for the payment of any judgment" in

"<u>any</u>" civil action where the conduct of the employee is admitted or found to be within the course and scope of that employee's employment.[1]

In this case, all factual and legal elements are present requiring Hinds County, the governmental entity, to indemnify its employees, the three individually sued supervisors, with respect to Plaintiffs' claims. There is no dispute that the three individual Defendants were employees of Hinds County. There is no dispute, and it is specifically admitted by Defendants, that Plaintiffs' Amended Complaint alleges wrongful acts or omissions within the course and scope of the individual Defendants' employment with Hinds County. There is no dispute that the exceptions to "course and scope of employment" stated in § 11-46-7(2) are not present in this civil action. Accordingly, there is no factual or legal dispute that as mandated by § 11-46-7(3), Hinds County "shall be responsible for providing a defense to its employees . . ." Defendants Archie, Calhoun, and Graham, and " . . . for the payment of any judgment . . ." in this civil action against Archie, Calhoun and/or Graham.

<u>**CONCLUSION**</u>

Plaintiffs' Amended Complaint specifically sought a declaratory judgment that Hinds County was imposed with a statutory obligation to defend and indemnify the individual Defendant supervisors for Plaintiffs' claims. Because there is no genuine issue as to any material fact, Plaintiffs request that this Court consider this Motion, Defendants' responses, and grant this Motion for Partial

---

[1]MISS. CODE ANN. §11-46-7(2) states that an employee of a governmental entity ". . . shall <u>not</u> be considered acting in the course and scope of his employment . . . if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." No such statutorily enumerated exception to "course and scope of employment" is alleged by Plaintiffs or Hinds County with respect to the individual Defendants/supervisors sued by Plaintiff in this action.

Summary Judgment. Plaintiffs request that this Court enter its judgment declaring that with respect to Plaintiffs' claims, Hinds County must legally indemnify Defendant Archie, Defendant Calhoun, and Defendant Graham with respect to Plaintiffs' claims set forth in the Amended Complaint, including paying the individual Defendants' costs of defense and paying any judgment rendered in Plaintiffs' favor based on the acts or omissions of the individual Defendants. Plaintiffs additionally request that to the extent Plaintiffs are awarded monetary damages in this action against the individual Defendants, that the Court enter its judgment that such damages are collectable by Plaintiffs from Hinds County by reason of the statutory indemnity obligations set forth in MISS. CODE ANN. § 11-46-7.

Respectfully submitted, this the 7th day of November, 2023.

PIETER TEEUWISSEN, ANTHONY R. SIMON, and SIMON & TEEUWISSEN, PLLC, PLAINTIFFS

BY:   /s Michael T. Jaques
        Michael T. Jaques, Esq.
        Counsel for Plaintiffs

MICHAEL T. JAQUES, ESQ (MSB. No. 8708)
Gainsburgh, Benjamin, David, Meunier, and Warshauer, LLC
240 Trace Colony Park, Suite 100
Ridgeland, Mississippi 39157
(601) 933-2048
(504) 528-9973 (Facsimile)

**CERTIFICATE OF SERVICE**

I, Michael T. Jaques, do hereby certify that on this day, I filed the foregoing Memorandum with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 7th day of November, 2023.

*/s/ Michael T. Jaques*
Michael T. Jaques, Esq.