**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PIETER TEEUWISSEN, ANTHONY R. SIMON,
AND SIMON & TEEUWISSEN, PLLC** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 3:22-cv-9-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI,
by and through its Board of Supervisors,
DAVID ARCHIE, individually and in his
official capacity, CREDELL CALHOUN,
individually and in his official capacity,
ROBERT GRAHAM, individually and
in his official capacity, MISSISSIPPI ASSOCIATION
OF SUPERVISORS INSURANCE TRUST,
and JOHN DOES I - V, individually
and in their official capacities** **DEFENDANTS**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Pieter Teeuwissen, Anthony R. Simon, and Simon & Teeuwissen, PLLC, have filed their Motion for Partial Summary Judgment [Dkt. No. 75] under FED. R. CIV. P. 56, seeking entry of judgment against Hinds County for underlying amounts on the contracts. This Memorandum is submitted in support of the Motion.

## I. INTRODUCTION AND FACTS

On September 16, 2019, the Hinds County Board of Supervisors entered into two employment contracts with Plaintiffs to provide legal representation and services to the County. The first was a contract between Hinds County and Teeuwissen individually (the "Board Attorney contract"). The stated purpose of the Board Attorney contract was the employment of Teeuwissen as the Board Attorney for the Board, and in that capacity for Teeuwissen to perform legal work for Hinds County and the Board. The term of the contract was fixed, and limited to one year duration

as required by the authorizing statute, § 19-3-47(1)(a). The one year term of the contract started on October 1, 2019 and ended on September 30, 2020. The contract stated that Teeuwissen was to be paid a fixed amount of $42,000 per year.

The Board Attorney contract clearly expressed the parties' agreement as to consequences of early termination of the contract. The contract stated that if terminated prior to its stated expiration date of September 30, 2020, Teeuwissen would be paid the entirety of amounts due for the term of the contract. The contract stated:

> Further, if terminated prior to the termination date specified in Paragraph 4 within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

Hinds County entered into a second contract for attorney services between Hinds County and Simon and Teeuwissen's law firm. On September 16, 2019, Hinds County and Simon & Teeuwissen, PLLC entered into a contract for legal services (the "Special Counsel contract"). The stated purpose of the Special Counsel contract was the employment of Anthony Simon and Pieter Teeuwissen, as attorneys for the Board to ". . . represent the County in legal matters ranging from contracts to professional services to litigation to legal advice, day-to-day matters, as well as any and all matters that may give rise to liability".

Mirroring the terms of the Board Attorney contract, the term of the Special Counsel contract was fixed, and limited to one year duration under the authoring statute, § 19-3-47(1)(a). The Special Counsel contract also started on October 1, 2019 and ended on September 30, 2020. The contract stated that in exchange for work performed, Simon & Teeuwissen, PLLC was to be paid a fixed amount of $199,000 per year. The Special Counsel contract contained a termination clause similar to that contained in the Board Attorney contract. The Special Counsel contract provided that in the

event of premature termination:

> Further, if terminated for reason other than cause prior to the termination date within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

Accordingly, both contracts contained a provision providing that if the contracts were terminated early, Simon and Teeuwissen would be entitled to payment of the remaining amounts owed for the unfulfilled yearly term of the contract.

Hinds County paid amounts owed under the contracts in October, November, and December 2019. Elections were held in November, 2019, and some new supervisors were elected to the Board. The "new" Board held its first meeting on January 6, 2020. The Board's certified minutes of that meeting reflect that the supervisors voted to terminate the contracts. Simon and Teeuwissen were informed that the contracts had been terminated. Notwithstanding the County's express and unambiguous contractual obligations to pay to Simon and Teeuwissen the amounts owed for prematurely terminating the contracts, Hinds County refused to pay. Plaintiffs filed suit seeking damages.

## II. UNDISPUTED FACTS AS ALLEGED AND ADMITTED

Plaintiffs' breach of contract claim against Hinds County is plead in the Amended Complaint. [Dkt. 17 at ¶¶ 48 - 51]. The following material facts are undisputed, and entitle Plaintiffs to judgment against Hinds County for breach of contract.

### A. Hinds County owes Plaintiffs $31,500 under the Board Attorney contract.

1. It is undisputed and admitted in Hinds County's Answer that on September 16, 2019, Hinds County and Pieter Teeuwissen entered into a contract ("Board Attorney contract"), and that the Board Attorney contract is attached to Plaintiff's

Complaint as Exhibit 1. (Dkt. No. 17 Am. Compl. at ¶ 12; Dkt. No. 25 Def. Answer at ¶ 12).

2.. It is undisputed and admitted in Hinds County's Answer that the term of the Board Attorney contract was fixed, and stated to commence on October 1, 2019 and to terminate on September 30, 2020. (Dkt. No. 17 Am. Compl. at ¶ 13; Dkt. No. 25 Def. Answer at ¶ 13).

3. It is undisputed and admitted in Hinds County's Answer that the contractually stated consideration to be paid to Teeuwissen was a fixed amount of $3,500 per month, or $42,000 per year. *Id.*

4. It is undisputed and admitted in Hinds County's Answer that on January 6, 2020, at a meeting of the Hinds County Board of Supervisors, subsequent to vote in favor of a motion, the Board Attorney contract was "terminated." A certified copy of the minutes of the January 6, 2020 meeting of the Hinds County Board of Supervisors is attached to Plaintiffs' Amended Complaint as Exhibit 2. (Dkt. No. 17 Am. Compl. at ¶ 15; Dkt. No. 25 Def. Answer at ¶ 15).

5. It is undisputed that the Board Attorney contract specified that in the event of termination, Teeuwissen was to be paid the entire amount due under the contract, throughout the stated term. Specifically, the contract provided that:

> Further, if terminated prior to the termination date specified in Paragraph 4 within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

Board Attorney contract, Ex. 3 at ¶ 2.

6. Plaintiffs were paid $10,500 of the $42,000 amount due under the Board Attorney contract. A balance of $31,500 remains payable to Plaintiffs under the Board Attorney contract. (Aff. of Anthony R. Simon, Esq., Ex. 6 at ¶ 5).

7. It is undisputed and admitted in Hinds County's Answer that to date, Teeuwissen has not been paid the remaining amounts due Teeuwissen under the Board Attorney contract. (Dkt. No. 17 Am. Compl. at ¶ 16; Dkt. No. 25 Def. Answer at ¶ 16).

**B. <u>Hinds County owes Plaintiffs $149,250 under the Special Counsel contract</u>.**

8. It is undisputed and admitted in Hinds County's Answer that on September 16, 2019, Hinds County and Simon & Teeuwissen, PLLC entered into a contract ("Special Counsel contract"), and that the Special Counsel contract is attached to Plaintiff's Amended Complaint as Exhibit 3. (Dkt. No. 17 Am. Compl. at ¶ 17; Dkt. No. 25 Def. Answer at ¶ 17).

9. It is undisputed and admitted in Hinds County's Answer that the term of the Special Counsel contract was fixed, and stated to commence on October 1, 2019 and to terminate on September 30, 2020. (Dkt. No. 17 Am. Compl. at ¶ 19; Dkt. No. 25 Def. Answer at ¶ 19).

10. It is undisputed and admitted in Hinds County's Answer that the contractually stated consideration to be paid to Simon & Teeuwissen, PLLC was a fixed amount of $199,000 per year. *Id.*

11. It is undisputed and admitted in Hinds County's Answer that on January 6, 2020, at a meeting of the Hinds County Board of Supervisors, subsequent to vote in

favor of a motion, the Special Counsel contract was "terminated." (Dkt. No. 17 Am. Compl. at ¶ 21; Dkt. No. 25 Def. Answer at ¶ 21).

12. It is undisputed that the Special Counsel contract specified that in the event of termination, Simon & Teeuwissen, PLLC was to be paid the entire amount due under the contract, throughout the stated term. Specifically, the contract provided that:

> Further, if terminated for reason other than cause prior to the termination date within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

Special Counsel contract, Ex. 4 at ¶ 2.

13. Plaintiffs were paid $49,750 of the $199,000 amount due under the Special Counsel contract. A balance of $149,250 remains payable to Plaintiffs under the Special Counsel contract. (Aff. of Anthony R. Simon, Esq., Ex. 6 at ¶ 7).

14. It is undisputed and admitted in Hinds County's Answer that to date, Simon & Teeuwissen, PLLC has not been paid the remaining amounts due Simon & Teeuwissen, PLLC under the Special Counsel contract. (Dkt. No. 17 Am. Compl. at ¶ 22; Dkt. No. 25 Def. Answer at ¶ 22).

15. The total amount payable by Hinds County under both contracts for the term of the contracts is $241,000. Since October 1, 2019, the total amount paid by Hinds County under both legal service contracts is $60,250. A balance of $180,750 is owed by Hinds County to Plaintiffs under the contracts. (Aff. of Anthony R. Simon, Esq., Ex. 6 at ¶ 8).

The following legal statutory requirements exist under Mississippi law:

The terms of written and signed contracts are enforceable under Mississippi law. *Cascio v. Cascio Invs*., LLC, 327 So. 3d 59 (Miss. 2021); *Terminix Int'l, Inc. v. Rice*, 904 So. 2d 1051 (Miss. 2004); *McKenzie Check Advance of Miss., LLC v. Hardy*, 866 So. 2d 446 (Miss. 2004).

**ARGUMENT**

By this Motion, Plaintiffs seek to refine and minimize the issues at trial through this pre-trial motion for partial summary judgment solely on the issues of Hinds County's breaches of the contracts entered into between Hinds County and Plaintiffs. Other disputed issues, including Plaintiffs' claims for deprivation of constitutionally protected due process rights and damages associated with those claims, are not within the scope of the Motion.

FED. R. CIV. P. 56 provides, in part, as follows:

> **(a) Motion for Summary Judgment or Partial Summary Judgment**. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Because there is no dispute of any material fact, the Court should enter judgment on the underlying contracts in favor of Plaintiffs and against Hinds County.

**I. Hinds County is liable to Plaintiffs for breach of contract.**

At paragraphs 49 - 51, Plaintiffs' Amended Complaint asserts a breach of contract claim against Hinds County. The Amended Complaint states in part:

> 49. At the time that Hinds County on the one hand, and Plaintiffs on the other hand, agreed to the terms and conditions of the written agreements constituting the Board Attorney contract and the Special Counsel contract, an agreement was formed whereby Plaintiffs on the one hand, and Hinds County, its Board of Supervisors, and/or one or more individual Defendants on the other hand, entered into a contractual relationship. By entering into

this contractual relationship, Defendants became imposed with a contractual duty to honor the terms and conditions of the contracts, and pay to Plaintiffs all amounts owed under the contracts.

50. By and through Defendants' acts and omissions as set forth herein, Defendants breached such contracts.

51. As a result of Defendants' breach of contracts, Plaintiffs suffered injury and damages as set forth herein.

All factual and legal elements necessary for Plaintiffs to establish and prevail upon their breach of contract claim are present and undisputed in this case.

> A claimant must prove two elements to succeed on a breach-of-contract claim: (1) "the existence of a valid and binding contract," and (2) "that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 414 (¶43) (Miss. 2018) (quoting *Bus. Commc'ns Inc. v. Banks*, 90 So. 3d 1221, 1224 (¶10) (Miss. 2012)).

*Kloss v. Bay Pest Control, Inc.*, 360 So. 3d 308 (Miss. Ct. App. 2023).

Plaintiffs have established the requisite elements. The existence of the contracts is not in dispute. Hinds County has admitted in its Answer that both of the legal services contracts existed and were entered into by the Plaintiffs and Hinds County. Hinds County has admitted that the contracts - incorporating the contractual terms and remedies for termination - are attached to Plaintiffs' Amended Complaint. Hinds County is bound by the terms of the contracts, and cannot avoid enforcement of the contracts on the "successor board" theory of contract avoidance previously advanced by Hinds County. That theory of contract avoidance has been found inapplicable as a matter of law. Hinds County has advanced no other legal theory or factual basis for avoiding the obligations imposed by the contracts. The validity of the contracts and the enforceability of the contracts against Hinds County is now the law of this case. Hinds County is, and has been at all

material times, bound to perform its contractually assumed obligations consistent with the terms of the contracts.

There is no dispute that Hinds County has breached the contracts. The terms of written and signed contracts are enforceable under Mississippi law. *Cascio v. Cascio Invs*., LLC, 327 So. 3d 59 (Miss. 2021); *Terminix Int'l, Inc. v. Rice*, 904 So. 2d 1051 (Miss. 2004); *McKenzie Check Advance of Miss., LLC v. Hardy*, 866 So. 2d 446 (Miss. 2004).

No dispute exists as to the terms of the contracts. The parties specifically contemplated exactly what would occur in the event that either or both contracts were terminated prior to the stated termination date of September 30, 2020. Each contract provided, in specific and non-ambiguous language, that in the event of termination of the agreements prior to the September 30, 2020 termination date, "*... the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement*." The County, through the Board of Supervisors, terminated the contracts prior to the September 30, 2020 termination date. The possibility of Hinds County's breach and early termination was specifically foreseen, contemplated, and addressed by mutual agreement of the parties in the contracts. As the contracts that were agreed to by Hinds County provide, Hinds County is therefore responsible for and obligated to pay Plaintiffs the "*total compensation due for the duration of*" the agreements.

<u>There is no affirmative defense plead by the County that is before the Court which, if established, would allow Hinds County to avoid its obligations under the contracts</u>. Hinds County has not plead any of the following affirmative defenses: illegality of contract, duress, fraudulent inducement, unconscionability, statute of frauds, ambiguity/definiteness, mutual mistake, undue

influence, impossibility, lack of capacity, violation of public policy, termination for cause, lack of consideration, or any other matter or defense of avoidance. No such defenses have been affirmatively plead in Hinds County's Answer, as required by FED. R. CIV. P. 12 (b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.. . .). The only affirmative defense plead by Hinds County - the "successor board" defense - has been judicially determined have no application to these contracts. There is no triable issue of fact with respect to the enforcement of the contracts, or the terms of the contracts. There is no viable legal defense asserted to the enforcement of the contracts.

**II. The amount of contractual damages is liquidated, and not disputed**.

The total amounts due are also not in dispute. The Board Attorney contract specified $42,000 in total compensation for the duration of the agreement. The Special Counsel contract specified $199,000 in total compensation for the duration of the agreement. Hind County was therefore contractually obligated to pay a total of $241,000 to Plaintiffs under the contracts.

There is no dispute that Hinds County breached the contracts, and did not pay Plaintiffs the amounts Hinds County was contractually obligated to pay. Hinds County paid Plaintiffs only $10,500 instead of the $42,000 owed under the Board Attorney contract. Hinds County paid Plaintiffs only $49,750 of the $199,000 owed under the Special Counsel contract. Hinds County has therefore paid a total of $60,250 of the $241,000 owed to Plaintiffs under both contracts. Hinds County's failure to pay Plaintiffs amounts owed under the contracts is a breach of contract. Through Hinds County's breaches of the contracts, Plaintiffs have sustained damages in the amount remaining unpaid under the contracts - $180,750, including being deprived of the use and value of such funds since January 6, 2020 - the date of Hinds County's breach of the contracts. Judgment

should be entered against Hinds County in the amount of $180,750, in addition to pre-judgment interest.

**III. Plaintiffs are entitled to pre-judgment interest on the liquidated, contractually specified damages.**

Although post-judgment interest is controlled by federal statute and law, pre-judgment interest is a matter of state law. *Meaux Surface Prot. Inc. v. Fogleman*, 607 F.3d 161 (5th Cir. 2010). Plaintiffs' claims of breach of contract against Hinds County are brought under and subject to Mississippi state law, which provides for pre-judgment interest on liquidated damages. *Latham v. Johnson*, 262 So. 3d 569 (Miss. Ct. App. 2018). *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953 (Miss. 2002). Although generally in the trial court's discretion, where the amount is liquidated and indisputably owed, pre-judgment interest should be awarded as a matter of law. *Estate of Van Ryan v. McMurtray*, 505 So.2d 1015, 1019 (Miss. 1987).

MISS. CODE. ANN. SEC. 75-17-1(1) provides in part that ". . . the legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum . . . ." Because Hinds County's debt to Plaintiffs is both a liquidated amount and arises from breach of contract, pre-judgment interest is properly awarded at 8%, calculated from the date of breach of contract. *Knights Marine & Indus. Servs. v. Gulfstream Enters*. 216 So. 3d 1164 (Miss. Ct. App. 2017) (remanding a trial court's award of pre-judgment interest at 8% under 75-17-1(1) in a breach of contract case because trial court calculated interest from date of filing of complaint instead of properly calculating it from date of breach of contract).

The contract was breached by Hinds County by early termination on January 6, 2020. From January 6, 2020 (date of termination and breach of the contracts) until January 6, 2024 (four years),

prejudgment interest on $180,750 at 8% per annum is $67,977.28.[1] The underlying amount due under the contracts ($180,250) with pre-judgment interest through January 6, 2024 ($67,977.28) totals $248,227.28. Judgment should be entered against Hinds County in an amount consistent with an award of pre-judgment interest calculated at 8% per annum from and after January 6, 2020 until entry of judgment.

## CONCLUSION

There is no dispute as to any material fact. Hinds County has admitted the contracts existed between the parties in the form and included provisions as exhibited to Plaintiffs' Amended Complaint. There is no dispute as to the terms of the contracts, including the amounts payable to Plaintiffs for the yearly term of each contract, and the payment owed by Hinds County in the event of breach and early termination. Hinds County has plead no affirmative defenses sufficient to avoid its contractual obligations. There are no issues to be decided by a jury at trial relative to the underlying amounts owed on the contracts. Plaintiffs are entitled to prevail on the breach of contract claim as a matter of undisputed fact and law.

There is no dispute as to the amounts owed. In the event of early termination, the contracts specifically direct payment by Hinds County to Plaintiffs of the remaining unpaid amounts for the entire term of each contract. The total amount payable under both contracts is $180,250. With pre-judgment interest calculated at 8% per annum from January 20, 2020 - the date of breach - accrued interest is at least $69,977.28 as of January 6, 2024, the four year anniversary of the breach.

---

[1] See Ex. A to this Memorandum consisting of printed interest calculation of $180,250 for 4 years at 8% from interest calculator, calculating interest of $69,977.28, for a total of $248,227.28. The interest calculator used is found at http://www.calculator.net/interest-calculator.html.

As there are no disputed issues of fact, Plaintiffs pray that the Court grant Plaintiffs' Motion for Partial Summary Judgment, and enter judgment in favor of Plaintiffs, and against Hinds County, in an amount no less than $248,227.28.

Plaintiffs pray for such other and further relief to which they may be entitled.

Respectfully submitted, this the 23th day of February, 2024.

PIETER TEEUWISSEN, ANTHONY R. SIMON, and SIMON & TEEUWISSEN, PLLC, PLAINTIFFS

BY: *__/s Michael T. Jaques__*
Michael T. Jaques, Esq.
Counsel for Plaintiffs

MICHAEL T. JAQUES, ESQ (MSB. No. 8708)
Gainsburgh, Benjamin, David, Meunier, and Warshauer, LLC
240 Trace Colony Park, Suite 100
Ridgeland, Mississippi 39157
(601) 933-2048
(504) 528-9973 (Facsimile)

**CERTIFICATE OF SERVICE**

I, Michael T. Jaques, do hereby certify that on this day, I filed the foregoing Memorandum with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 23rd day of February, 2024.

*/s/ Michael T. Jaques*
Michael T. Jaques, Esq.






# Interest Calculator




Results



| | |
|---|---|
| **Ending balance** | **$248,227.28** |
| Total principal | $180,250.00 |
| **Total interest** | **$67,977.28** |

* interest rate of 8% compound continuously is equivalent to annual rate of 8.329%




## Accumulation Schedule

**Annual Schedule** **Monthly Schedule**

| Year | Deposit | Interest | Ending balance |
|---|---|---|---|
| 1 | $180,250.00 | $15,012.49 | $195,262.49 |
| 2 | $0.00 | $16,262.84 | $211,525.33 |
| 3 | $0.00 | $17,617.32 | $229,142.66 |
| 4 | $0.00 | $19,084.62 | $248,227.28 |




Search

Financial Calculators

Mortgage | Loan
Auto Loan | Interest
Payment | Retirement
Amortization | Investment
Currency | Inflation
Finance | Mortgage Payoff
Income Tax | Compound Interest
Salary | 401K
Interest Rate | Sales Tax
More Financial Calculators

Financial | Fitness and Health | Math | Other

**Related**

Investment Calculator | Average Return Calculator | ROI Calculator

Interest is the compensation paid by the borrower to the lender for the use of money as a percent or an amount. The concept of interest is the backbone behind most financial instruments in the world.

There are two distinct methods of accumulating interest, categorized into simple interest or compound interest.

### Simple Interest

The following is a basic example of how interest works. Derek would like to borrow $100 (usually called the principal) from the bank for one year. The bank wants 10% interest on it. To calculate interest:

$$\$100 \times 10\% = \$10$$

This interest is added to the principal, and the sum becomes Derek's required repayment to the bank one year later.

$$\$100 + \$10 = \$110$$

Derek owes the bank $110 a year later, $100 for the principal and $10 as interest.

Let's assume that Derek wanted to borrow $100 for two years instead of one, and the bank calculates interest annually. He would simply be charged the interest rate twice, once at the end of each year.

EXHIBIT "A"