# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PIETER TEEUWISSEN, ANTHONY R. SIMON,**
**AND SIMON & TEEUWISSEN, PLLC**                               **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO. 3:22-cv-9-CWR-LGI**

**HINDS COUNTY, MISSISSIPPI,**
**by and through its Board of Supervisors,**
**DAVID ARCHIE, individually and in his**
**official capacity, CREDELL CALHOUN,**
**individually and in his official capacity,**
**ROBERT GRAHAM, individually and**
**in his official capacity, MISSISSIPPI ASSOCIATION**
**OF SUPERVISORS INSURANCE TRUST,**
**and JOHN DOES I - V**, **individually**
**and in their official capacities**                              **DEFENDANTS**

## PLAINTIFFS' REBUTTAL MEMORANDUM IN FURTHER SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs, Pieter Teeuwissen, Anthony R. Simon, and Simon & Teeuwissen, PLLC, have filed their Motion for Partial Summary Judgment [Dkt. 75] under FED. R. CIV. P. 56, seeking entry of judgment against Hinds County for underlying amounts on the contracts. This Rebuttal Memorandum is submitted in further support of the Motion, and in reply to Defendant Hinds County's Response to the Motion [Dkt. 79]. Because Hinds County's response raises no viable defenses to the contractual claims, and because no genuine issue of material fact exists, the Motion should be granted. Hinds County has failed to plead and has therefore waived the only two defenses asserted in opposition to Plaintiffs' Motion. With respect to the "termination for cause" defense, there is no evidence - admissible or otherwise - which supports any indication that the contracts were terminated for cause.

1.       Illegality of contract.

Hinds County's first defense to enforcement of the contracts is that the contracts - or one or more of them - are "illegal." The County argues that one of the contracts, the "special counsel" contract, is not the type of "special counsel" contract that is statutorily authorized, and is therefore illegal.

"Illegality" and/or "illegality" of contract is an affirmative defense, that if not affirmatively plead in response to Plaintiff's Complaint, is waived as a matter of law. FED. R. CIV. P. 8(c). Hinds County did not plead illegality of contract as an affirmative defense, and the defense is therefore waived.

FED. R. CIV. P. 8(c) is titled "General Rules of Pleading" and states in part as follows:

> (c) Affirmative Defenses.
>
> (1) *In General*. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses, including: ...
>
> • illegality . . .

FED. R. CIV. P. 8(c).   Hinds County has not asserted "illegality" or illegality of contract as an affirmative defense in this action. Plaintiff's Amended Complaint was filed on February 28, 2022, over two (2) years ago. Hinds County filed its Answer to Plaintiff's Amended Complaint [Dkt. 25] in this action on March 21, 2022. The County's Answer did contain numerous affirmative defenses, as follows[1]:

| First Affirmative Defense: | Plaintiffs have failed to state a claim, qualified immunity bars the claims. |

---

[1]The County's Affirmative Defenses are contained in its Answer [Dkt. 25 at 1 - 4].

| | |
|---|---|
| Second Affirmative Defense: | Plaintiffs' claims are barred under Mississippi Tort Claims Act. |
| Third Affirmative Defense: | Immunity under Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9, and sovereign immunity. |
| Fourth Affirmative Defense: | Plaintiff's constitutional claims fail as predicated on doctrine of respondeat superior, and no proof of official custom or policy that caused injury. |
| Fifth Affirmative Defense: | Failure of Plaintiffs to allege violation of any duty bars the claims. |
| Sixth Affirmative Defense: | Decisions of Hinds County's employees were reasonable and consistent with clearly established law. |
| Seventh Affirmative Defense: | No breach of a ministerial duty caused any harm to Plaintiffs. |
| Eighth Affirmative Defense: | Plaintiffs cannot prove deliberate indifference. |
| Ninth Affirmative Defense: | Plaintiffs have failed to plead a valid §1983 claim. |
| Tenth Affirmative Defense: | Plaintiffs' claims are barred by statute of limitations, laches, waiver, estoppel, res judicata, administrative collateral estoppel, judicial estoppel, assumption of the risk, and the doctrine of unclean hands. |
| Eleventh Affirmative Defense: | No policy or custom identified for purposes of a § 1983 action that caused the injury. |
| Twelfth Affirmative Defense: | Equal Protection, Due Process, U.S. Constitution, Mississippi State Constitution, Miss. Code Ann. §§ 11-1-65 and 11-46-15(a). |
| Thirteenth Affirmative Defense: | Statute of limitations. |
| Fourteenth Affirmative Defense: | As a matter of law and fact, Defendants are not liable to Plaintiffs. |
| Fifteenth Affirmative Defense: | All defenses available under state and federal law. |
| Sixteenth Affirmative Defense: | All allegations not admitted are denied. |

  Seventeenth Affirmative Defense:  MTCA § 11-46-1, bars the claims.

  Eighteenth Affirmative Defense:  Plaintiffs' damages are limited by § 11-46-15

  Nineteenth Affirmative Defense:  Plaintiffs' damages are barred by § 11-46-9(a),(c),(d),(e), & (f).

None of the nineteen affirmative defenses assert "illegality" or "illegality of contract" as an affirmative defense. The County's Tenth Affirmative Defense does assert numerous defenses required to be asserted by FED. R. CIV. P. 8(c), such as statute of limitations, laches, waiver, estoppel, res judicata, administrative collateral estoppel, judicial estoppel, assumption of the risk, and the doctrine of unclean hands. Other than "administrative collateral estoppel," "judicial estoppel," and "unclean hands," each of those Tenth Affirmative Defenses are affirmative defenses listed in Rule 8(c) that are required to be asserted in opposition to the claim in the responsive pleading. The inclusion of many of Rule 8(c)'s affirmative defenses, but the omission of the defense of "illegality" as specified under the Rule, implies actual consideration of the Rule 8 affirmative defenses by the County, and a deliberate choice not to assert a defense of "illegality." Regardless, the defense has never been asserted, and it is waived. "Illegality" is not a viable defense to Plaintiffs' Amended Complaint, or the Motion for Summary Judgment.

 In pleading an affirmative defense, a defendant is required to plead with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008). Plaintiffs vigorously contest Hinds County's recently advanced interpretation of the statute and the brand new assertion that the contract is "illegal." Notwithstanding, the affirmative defense of illegality has never before been mentioned or cited in any pleading filed in this case. Hinds County has never taken the position that the contracts were "illegal" and not enforceable by Hinds County. To the contrary, Hinds County has

represented to the Court that the contracts were "voidable" (not "illegal" or "void") at the discretion of the Board of Supervisors. In citing the *Cleveland* opinion in support of its original motion to dismiss, Hinds County's Motion to Dismiss states:

> The law provides that these types of contracts are voidable at the discretion of the successor governing body. . . . Therefore, Defendants had the power to terminate Plaintiffs' contracts.

Hinds County Motion to Dismiss [Dkt. 14 at 2].

At all times, Hinds County has taken the position that the contracts were enforceable against Plaintiffs - a position completely contrary to the recent "illegality of contract" assertion. For example, in Hinds County's Response to Plaintiffs' Motion for Partial Summary Judgment as to Hinds County's duty to indemnify the individual supervisors [Dkt. 49], Hinds County states as follows:

> The Defendants anticipate that after Discovery has been completed in this case, they will be able to show that the very acts that they are alleged to have committed were in fact, caused by the actions and/or inactions of the Plaintiffs themselves. In fact, <u>it was the Plaintiff's duty to adequately advise their clients, Defendants herein</u>, of the very acts and duties that Plaintiffs now allege that Defendants to have been deficient in providing, and to which Plaintiffs now complain they have been denied. In other words, <u>it was Plaintiffs' very duty to have advised these Defendants of any pre-termination due process rights or post termination appeals rights that they had to provide in such cases</u>.

Hinds County Response to Plaintiffs' Motion for Partial Summary Judgment [Dkt. 59 at 2-3]. The articulated defense is not meritorious. But there is no doubt that Hinds County is asserting that the contracts were legal and valid and imposed duties of representation on Plaintiffs. Hinds County's assertion is that based on those contracts and the attorney/client relationships formed by the parties' entry into legally binding, legitimate contracts that imposed duties on Plaintiffs to legally represent Hinds County, Plaintiffs failed to do so appropriately and caused their own constitutional

deprivation. Hinds County should be judicially estopped from now taking a contrary position that the contracts were "illegal" and void not enforceable or valid at any time.

Not only did Plaintiffs not receive "fair notice" of the defense of "illegality" that is now sought to be advanced, Plaintiffs received no notice at all. Contrarily, Hinds County has maintained that the contracts were legally enforceable against Plaintiffs. In violation of both the letter and the spirit of Rule 8(c), Plaintiffs have had no notice of all of any defense of illegality as asserted for the first time in response to the Motion for Summary Judgment.

This Court has previously enforced Rule 8(c) pursuant to its terms. *Neal v. Hinds County*, No. 3:18-CV-590-CWR-FKB, 2021 U.S. Dist. LEXIS 67248, 2021 WL 126832 (S.D. Miss. 2021) (finding Hinds County's failure to assert in its answer an affirmative defense of exhaustion of administrative remedies as an affirmative defense to a claim under the Prison Litigation Reform Act barred consideration of the defense when raised, for the first time, in a motion for summary judgment). The Court should similarly enforce the Rule in this case, or find that the County is judicially estopped from asserting the "illegality" defense. Regardless of the basis, the defense should not be considered in opposition to the Motion for Summary Judgment.

  2. <u>Termination for cause (possible jury finding)</u>.

Hinds County's second and last defense is that a jury may find that the contracts were terminated for cause, and for that reason, summary judgment is inappropriate. "Termination for cause" is also an affirmative defense that has not been plead, and is therefore waived. To terminate the contracts for cause, the County would have had to have specifically agreed to and have voted to terminate the contracts for cause, and spread the termination action in the minutes as a termination for cause. That did not occur, and the County should not be allowed, over 4 years after the

termination, to assert it as a defense for the first time and attempt to establish that it did. From the day the Complaint was filed, through its Motion to Dismiss, and through the appeal to the 5th Circuit, the County has contended the contracts were terminated because they violated the "successor board" rule, not because they were terminated "for cause."  Conveniently, the County does not factually support any "cause" or reason for the pre-textual "cause" termination by affidavit or otherwise. "Cause" has never been plead as a fact or reason for the termination.

A county can only act and contract by affirmative action of its board of supervisors. *Warren County Port Commission v. Farrell Construction Co., 395 F. 2d 901 (5th Cir. 1968).* The Hinds County Board of Supervisors is bound by that legal principal. *Butler v. Board of Supervisors*, 659 So. 2d 578 (Miss. 1995). In *Butler*, the Hinds County Board of Supervisors contracted with Dunn Construction Company ("Dunn") to renovate the Hinds County Courthouse. Dunn subcontracted with Butler to perform painting work. Butler could not perform part of the painting due to deterioration of the walls. The Hinds County Board's architect instructed Butler to perform additional, originally unanticipated repair work on the walls, to install a "Glid-Wall System," and then to paint them. Butler performed the extra work and submitted a change order to the Board, seeking payment. The Board denied responsibility for the work and refused to pay. *Id*. at 580.

The circuit court dismissed Butler's suit, finding that Hinds County had never approved the contract with Butler or the additional work and had not spread the approval of the work on its minutes, and therefore was not obligated to pay for it. The appellate court agreed. In affirming the trial court's dismissal of the action, the court stated:

> The dismissal was proper for the minute book order requirement, making it unnecessary to discuss the other issues. The board's motion is affirmed because of the minute book order requirement, not because the board enjoys sovereign immunity from suit on the contract. *Bridges & Hill* and its progeny answer the

>threshold question requiring the Court to affirm the dismissal as there was no modification or alteration of the contract by an Order upon the Board's minutes for the "Glid-Wall System." Accordingly, the lower court is affirmed.

*Butler* at 582. As the court in *Butler* held the plaintiff to the minutes of the board, this Court should hold Hinds County to the substance and contents of the minutes of the material board meeting in this case.

Plaintiffs' contracts were terminated by the Hinds County Board of Supervisors at its January 6, 2020 meeting. Attached to Plaintiffs' Amended Complaint are the Certified Minutes of the meeting of the Hinds County Board of Supervisors on January 6, 2020 ("Certified Minutes"). [Dkt. 17-2]. This Court may and should take judicial notice of the minutes and the substance of the minutes evidencing the acts and events that took place at the meeting. FED. R. EVID. 201. Plaintiffs specifically requests that the Court take judicial notice of the Certified Minutes and their contents pursuant to FED. R. EVID. 201(c). It is proper for the Court to do so.

In *Lumumba v. City of Jackson*, 358 So. 3d 318 (Miss. 2023), the court applied Mississippi Rule of Evidence 201(b)[2] to affirm a trial court's admission into evidence of the certified minutes of the Jackson City Council as substantive evidence of the Council's actions in conformity with the minutes. The *Lumumba* court stated:

>We have found that under Mississippi Rule of Evidence 201(b), a court may take judicial notice of minutes of a public board meeting were properly noticed judicially "as they were easily ascertainable through certified public records." *Ditto v. Hinds Cnty.*, 665 So. 2d 878, 880-81 (Miss. 1995).

*Id.* at 321. This Court should similarly take judicial notice of the Certified Minutes, and the lack of any mention of "termination for cause" in the Certified Minutes. The undisputed facts establish that

---

[2]Mississippi Rule of Evidence 201(b) employs the exact language as Federal Rule of Evidence 201(b).

the contracts were not "terminated for cause."

The Certified Minutes reflect that the contracts at issue were terminated by vote of the Hinds County Board of Supervisors. Nowhere in the Certified Minutes is it reflected that the termination was "for cause." There is no evidence before the Court - admissible or inadmissible - to imply, assert, or serve as a basis for finding that the attorney contracts were terminated for cause. Contrary to Hinds County's assumption advanced in opposition to the Motion, the jury should not be allowed to determine the existence of a fact with respect to which no evidence has been or can be advanced. The defense of "termination for cause" has not been raised or asserted, and it cannot be established in contravention of the Certified Minutes. The argument is without merit, and is insufficient to defeat the properly supported Motion for Summary Judgment.

3. <u>Hinds County has not sought leave to amend the pleadings to assert any of the defenses, and it would be untimely and prejudicial to Plaintiffs to allow the County to do so.</u>

Plaintiffs will be prejudiced if the defenses are allowed consideration despite the obvious waiver. Plaintiffs have litigated the case for over two years. The deadline for amendments to pleadings was set by this Court by Case Management Order [Dkt. 48]. The deadline to amend pleadings was November 20, 2023. Hinds County did not seek to amend the pleadings to assert the waived defenses.  Plaintiffs' expert designation deadline was February 7, 2024. Based on the defenses asserted by Hinds County, there was and is no triable issue of fact, and no need to retain and pay and designate any experts, legal or otherwise, to provide testimony relative to the determination of issues or facts not joined by the pleadings.

A settlement conference is set in this case for April 23, 2024. The Court should not allow, at this stage of the litigation, one month before the settlement conference, a complete "re-set" of the

case by allowing amendments to pleadings, resetting expert designation dates and discovery deadlines. The Court should consider the Motion for Summary Judgment on its merits, in the context of the pleadings on file in this action in conformity with the Federal Rules and the prior scheduling orders of this Court.

## CONCLUSION

No valid defenses to enforcement of the contracts have been plead. There are no genuine issues of material fact as to the legality or terms of the contracts. The contracts are legally enforceable pursuant to their terms. There is no fact for a jury to decide. Summary judgment is appropriate, and Plaintiffs are entitled to judgment as a matter of law. Plaintiffs request that the Court grant Plaintiffs' Motion for Partial Summary Judgment, and enter judgment in favor of Plaintiffs against Hinds County on the underlying contracts.

Plaintiffs pray for such other and further relief to which they may be entitled.

Respectfully submitted, this the 19th day of March, 2024.

PIETER TEEUWISSEN, ANTHONY R. SIMON, and SIMON & TEEUWISSEN, PLLC, PLAINTIFFS

BY:   */s Michael T. Jaques*
           Michael T. Jaques, Esq.
           Counsel for Plaintiffs

MICHAEL T. JAQUES, ESQ (MSB. No. 8708)
Gainsburgh, Benjamin, David, Meunier, and Warshauer, LLC
240 Trace Colony Park, Suite 100
Ridgeland, Mississippi 39157
(601) 933-2048
(504) 528-9973 (Facsimile)

## CERTIFICATE OF SERVICE

    I, Michael T. Jaques, do hereby certify that on this day, I filed the foregoing Memorandum with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

    This the 19th day of March, 2024.

*/s/ Michael T. Jaques*
Michael T. Jaques, Esq.
