IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PIETER TEEUWISSEN, et al.**,

*Plaintiffs*,

v.                                               CAUSE NO. 3:22-CV-9-CWR-LGI

**HINDS COUNTY, MISSISSIPPI, et al.**,

*Defendants*.

## ORDER

Before the Court are the Plaintiff's *Motion for Partial Summary Judgment as to Contractual Liability of Defendant Hinds County* and Hinds County's *Motion to Amend Answer*. *See* Docket Nos. 75 and 86. Defendants David Archie, Credell Calhoun, and Robert Graham joined in Hinds County's *Motion*. Docket No. 88. Upon review, the *Motion for Partial Summary Judgment* will be granted and the *Motion to Amend* will be denied.

**I.      Facts and Procedural History**

Plaintiffs Pieter Teeuwissen and Anthony R. Simon were attorneys practicing as Simon and Teeuwissen, PLLC. Attorney Teeuwissen is now Judge Teeuwissen.[1] Defendant Hinds County, Mississippi, is a political division of the state of Mississippi. Defendants David Archie and Credell Calhoun are former Hinds County Supervisors, while Defendant Robert Graham is still in office. Defendant Mississippi Association of

---

[1] *See Judge Teeuwissen takes oath as Hinds County Court Judge*, State of Mississippi Judiciary (Dec. 5, 2023), https://courts.ms.gov/news/2023/12.05.23%20Teeuwissen%20oath.php.

Supervisors Insurance Trust is an insurer that issued contracts of insurance and/or indemnity for defendants.

Plaintiffs represented the Hinds County Board of Supervisors from September 2019 until their contracts were terminated on January 6, 2020. The motion to terminate their employment was made by Archie, and passed with the votes by Archie, Calhoun, and Graham.

The contracts were for Plaintiffs to represent the Board as its attorneys pursuant to Mississippi Code § 19-3-47, and also for Plaintiffs to serve as "special counsel" for the County. Plaintiffs allege that their one-year contracts, for $42,000 as Board counsel and $199,000 as special counsel, guaranteed them total compensation for the duration of the one-year agreement notwithstanding early termination (other than for cause). To date, they claim they have not been paid the remainder of their compensation.

Plaintiffs sued alleging breach of contract and due process violations under 42 U.S.C. §§ 1983 and 1988. Following an initial decision granting Defendants' Motion to Dismiss, Docket No. 38, the Fifth Circuit found that the contract could bind successor Boards, and remanded the case. *See Teeuwissen v. Hinds Cnty.*, 78 F.4th 166, 172 (5th Cir. 2023). The present motions followed.

In its response to the instant *Motion for Partial Summary Judgment*, Hinds County argued that the "contract for 'special services' signed with Simon and Teeuwissen was illegal under Mississippi law[.]" Docket No. 79 at 3-5. This was the first instance that Defendants argued illegality as an affirmative defense to Plaintiffs' claims.

Defendants then filed the instant *Motion to Amend Answer*. Docket No. 86. In it, they seek leave to assert additional affirmative defenses including illegality.

## II.    Legal Standard

### A.    Summary Judgment Standard

A court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 315 (5th Cir. 2020) (citation omitted).

When considering such a motion, "the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel,* 567 F.3d 156, 163-64 (5th Cir. 2009). While a court should "consider all of the evidence in the record" at this stage, it must "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted). Ultimately, "summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Id.* (citation omitted).

### B.    Leave to Amend Standard

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). It provides that a scheduling order shall not be modified except upon a showing of good cause and with the judge's consent. *Id.* "It

3

requires a party to show that the deadlines cannot be met despite the diligence of the party needing the extension." *Marathon Fin. Ins., Inc. v. RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (punctuation omitted).

This Circuit utilizes a four-part test in considering untimely motions to amend pleadings. *Id*. Courts consider (1) the explanation for the failure to timely move to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises,* 315 F.3d at 536 (cleaned up).

"Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Fed. R. Civ. P. 15. "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). In determining whether to grant leave to amend, the court is to consider: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted).

**III.  Discussion**

The Court will address the *Motion for Leave to Amend* first, as the proposed amendment impacts Defendants' argument against summary judgment.

4

A.     **Motion for Leave to Amend**

Defendants' *Motion* primarily analyzed the leave to amend standard under the more liberal standard of Rule 15(a), rather than Rule 16(b). Docket No. 87. That was error.

In any event, Defendants do not provide sufficient justification for their failure to seek the proposed amendments by the deadline. Their last day to file amendments to the pleadings was November 30, 2023, but that passed without a motion. They have "known of the facts underlying the proposed new claims for years, but seek[] to add these claims now, after this action has been pending for some two and a half years." *Carson v. Brook*, No. 3:21-CV-593-KHJ-MTP, 2024 WL 1609973, at *2  (S.D. Miss. Mar. 18, 2024). The fact that the amendment is important does not alone justify their absence of a good reason to bring it up late.

Defendants argue that there will not be any prejudice because the affirmative defenses they seek to introduce are "solely legal" and will not require new discovery. Docket No. 87 at 5-6. Yet, Plaintiffs point out that amendments will reset every current deadline in the case, Docket No. 105 at 14, and discovery closed on May 7, 2024. Docket No. 48. There is no way to grant amendment without some prejudice to Plaintiffs. And a continuance will not cure any prejudice as amendment will moot all Plaintiffs' existing motions, requiring refiling after having incurred existing legal fees.

Because these factors weigh against amendment, Defendants' *Motion for Leave to Amend* is denied.

## B. Motion for Partial Summary Judgment

Plaintiffs seek partial summary judgment as to the underlying amounts on the contracts. Docket No. 75. They argue that there is no dispute on the amounts owed: under both contracts combined the amount payable was $180,250. Docket No. 76 at 12. With interest, the damages increase to "at least $248,227.28." Docket No. 75.

As mentioned *supra*, Defendants introduced the affirmative defense of illegality of contract in their response brief. Docket No. 79 at 3-5. They argue that the special services contract was illegal under Mississippi law. *Id.* They add that because Teeuwissen, as Board Attorney, should have known it was illegal, that his individual contract was terminable for cause. *Id.* at 5.

Since the Court has already determined that Defendants will not be able to add the affirmative defense of illegality via amendment, this argument must fail. "An affirmative defense may be raised on a motion for summary judgment only if that motion is the first pleading responsive to the substance of the allegations." *United States v. Burzynski Cancer Rsch. Inst.*, 819 F.2d 1301, 1307 (5th Cir. 1987). Defendants' first responsive pleading was their answer to the amended complaint. Docket No. 25. Illegality was not an affirmative defense raised in that document. Illegality cannot be argued in response to summary judgment now.

Defendants' argument that Plaintiffs' contract was "terminable for cause," Docket No. 76 at 5, also falls short because it is predicated on the argument that the contract was illegal. The Board of Supervisors' Meeting Minutes from January 6, 2020 also show that Teeuwissen was not terminated for cause. Docket No. 75-5; Docket No. 17-2.

Lastly, the Fifth Circuit has already determined that this contract bound the successor Board. *Teeuwissen*, 78 F.4th at 172. There is no further issue in dispute as to contractual liability of Hinds County.

The *Motion for Partial Summary Judgment* is granted.

## IV. Conclusion

Plaintiffs' *Motion*, Docket No. 75, is granted. Defendants *Motion*, Docket No. 86, is denied. Defendants *Motion for Summary Judgment*, Docket No. 106, is rendered moot by this ruling.

**SO ORDERED**, this the 3rd day of September, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE