IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PIETER TEEUWISSEN, et al.**,

    *Plaintiffs*,

v.

**HINDS COUNTY, MISSISSIPPI, et al.**,

    *Defendants*.

CAUSE NO. 3:22-CV-9-CWR-LGI

## ORDER

Before the Court is the Plaintiffs' *Motion for Partial Summary Judgment.* Docket No. 49. Upon review, the *Motion* will be denied without prejudice.

Plaintiffs' *Motion* seeks a declaratory judgment requiring defendant Hinds County to defend defendants David Archie, Credell Calhoun, and Robert Graham as members or former members of the Hinds County Board of Supervisors. Docket No. 50. Plaintiffs say Hinds County has a statutory obligation under Mississippi Code § 11-46-7(3) to defend the individual defendants against Plaintiffs' claims. *Id*. at 2.

Defendant Mississippi Association of Supervisors Insurance Trust ("MASIT") issued contracts of insurance and/or indemnity for Hinds County. MASIT responds in opposition to the *Motion* and argues that Plaintiffs lack standing, as strangers to the contract, to seek declaratory relief. Docket No. 53 at 3. MASIT also argues that "the Memorandum of Coverage issued to Hinds County by MASIT does not afford indemnity

or defense cost coverage for the claims asserted against Hinds County, Mississippi, or any individual defendant named herein, known or unknown." *Id*.

Hinds County, Archie, Calhoun, and Graham adopt the standing argument of MASIT and add that Plaintiffs' *Motion* is premature. Docket No. 60 at 4. They argue that "only after having completed proper discovery will the parties be able to determine whether or not either of the defendants, or all of them should be liable at all." *Id*. at 6.

This *Motion* was filed on November 7, 2023, just a week after the entry of the Case Management Order. Docket No. 48. Discovery concluded on May 7, 2024. *Id*. This Court agrees that the *Motion* is premature, as it was filed without any of the benefit of that discovery. In addition, Plaintiffs' *Motion* and reply do not address MASIT's argument about the impact of the rest of Mississippi Code § 11-46-7(3) upon this dispute. *See* Docket No. 53 at 3. The Court asks that any future motion practice clarify the parties' positions on the application of the entire statute.[1]

Plaintiffs' *Motion for Partial Summary Judgment*, Docket No. 49, is denied without prejudice.

**SO ORDERED**, this the 3rd day of September, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] MASIT's response also references the 2020 Memorandum of Coverage issued by MASIT to Hinds County. *See* Docket No. 53. To this Court's knowledge, the Memorandum of Coverage was never submitted as an exhibit. Future briefing on this issue should also include the 2020 Memorandum of Coverage issued by MASIT to Hinds County.