IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |
|---|---|
| **PIETER TEEUWISSEN,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **HINDS COUNTY, MISSISSIPPI,** *et al.*, <br><br> *Defendants*. | CAUSE NO. 3:22-CV-9-CWR-LGI |

# ORDER

Before the Court are Defendant Hinds County's *Motion for Judgment on the Pleadings as to Plaintiffs' Federal Claims*, Defendant Hinds County's *Motion for Reconsideration*, and Plaintiffs' *Motion for Entry of Judgment*. Docket Nos. 98, 145, 150. Defendants David Archie, Credell Calhoun, Robert Graham, and Mississippi Association of Supervisors Insurance Trust ("MASIT") joined in Hinds County's *Motion for Judgment on the Pleadings*. Docket Nos. 100-02, 132. Defendant MASIT also joined in Hinds County's *Motion for Reconsideration*. Docket No. 153. Upon review, the *Motion for Judgement on the Pleadings* will be denied, the *Motion for Reconsideration* will be denied, and the *Motion for Entry of Judgment* will be granted.

**I.    Factual and Procedural History**[1]

Plaintiffs Pieter Teeuwissen and Anthony R. Simon were attorneys practicing as Simon and Teeuwissen, PLLC. Defendant Hinds County, Mississippi, is a political division

---

[1] As noted below, this Court "must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins.*, 29 F.4th 252, 256 (5th Cir. 2022).

of the state of Mississippi. Defendants David Archie and Credell Calhoun are former Hinds County Supervisors, while Defendant Robert Graham still holds that office. Defendant Mississippi Association of Supervisors Insurance Trust is an insurer that issued contracts of insurance and/or indemnity for defendants.

Plaintiffs represented the Hinds County Board of Supervisors from September 2019 until their contracts were terminated on January 6, 2020. The motion to terminate their employment was made by Archie, and passed with the votes by Archie, Calhoun, and Graham. The contracts were for Plaintiffs to represent the Board as its attorneys pursuant to Mississippi Code § 19-3-47, and also for Plaintiffs to serve as "special counsel" for the County. Plaintiffs allege that their one-year contracts, for $42,000 as Board counsel and $199,000 as special counsel, guaranteed them total compensation for the duration of the one-year agreement notwithstanding early termination (other than for cause). To date, they claim they have not been paid the remainder of their compensation.

Plaintiffs sued alleging breach of contract and due process violations under 42 U.S.C. §§ 1983 and 1988. Finding that these contracts were voidable and did not bind subsequent supervisors, this Court initially granted Defendants' *Motion to Dismiss*, Docket No. 38. Plaintiffs timely appealed. The Fifth Circuit found that the contract could bind successor Boards and remanded the case. *See Teeuwissen v. Hinds Cnty.*, 78 F.4th 166, 172 (5th Cir. 2023).

Plaintiffs, then, filed a *Motion for Partial Summary Judgment* as to the underlying amounts on the contracts. Docket No. 75. In response, Hinds County argued that the "contract for 'special services' signed with Simon and Teeuwissen was illegal under Mississippi law[.]" Docket No. 79 at 3-5. That was the first instance that the County argued illegality as an affirmative defense to Plaintiffs' claims. Subsequently, Defendants filed a

*Motion for Leave to Amend Answer*. Docket No. 86. In it, they sought leave to assert additional affirmative defenses including illegality.

Shortly thereafter, Defendants filed a *Motion for Judgment on the Pleadings*, arguing that Plaintiffs failed to state a federal claim, and they filed a *Motion for Summary Judgment*, arguing an illegality contract defense. Docket Nos. 98, 106.

This Court granted Plaintiffs' *Motion for Partial Summary Judgment*, denied Defendants' *Motion for Leave to Amend*, and held Defendants' *Motion for Summary Judgement* as moot. Docket No. 143. The Court, however, did not rule on Defendants' *Motion for Judgment on the Pleadings*. Following the Court's *Order*, Docket No. 143, Plaintiffs filed a *Motion for Entry of Judgment* asking the Court to enter final judgment as to Plaintiffs' contractual liability claims against the County. Docket No. 150.

Defendants ask the Court to reconsider the *Order*, Docket No. 143, granting Plaintiffs' *Motion for Partial Summary Judgment* and holding Defendants' *Motion for Summary Judgment* as moot. The crux of the Defendants' argument is that this Court did not address the doctrine of waiver and failed to properly apply Fifth Circuit law regarding when affirmative defenses can be raised.

II. **Legal Standard**

   A. **Judgment on the Pleadings Standard**

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan*

*Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation marks and citations omitted); FED. R. CIV. P. 12(c).

The standard for deciding a motion for judgment on the pleadings is the same as the standard used to decide a Rule 12(b)(6) motion to dismiss. *See Q Clothier New Orleans, L.L.C.*, 29 F.4th at 256. "The court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Id.* The plaintiff need not provide "detailed factual allegations," but must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### B. Reconsideration of Interlocutory Orders Standard

The Parties dispute the precise legal standard that governs motions for reconsideration of interlocutory orders.[2] Since there has been no final judgment entered, this is a motion to reconsider an interlocutory order, as opposed to a motion to reconsider a final judgment. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). "Where, as here, the motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is Rule 54(b)." *Guyton v. Johnson*, No. 3:21-CV-452, 2023 WL 3874026, at *2 (S.D. Miss. June 7, 2023) (quotation marks, alterations, and citation omitted).

Rule 54(b) allows for the Court "to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Haimur v. Allstate Prop. & Cas. Ins. Co.,* No. 3:20-CV-483, 2022 WL 5082202, at *1 (S.D. Miss. Aug. 1, 2022) (quotation marks and citations omitted). "This discretion is not unlimited. Rather, it must be exercised sparingly in order to forestall

---

[2] *See* Docket Nos. 148, 151 (discussing whether Rule 54(b) or 59(e) applies).

4

the perpetual reexamination of orders and the resulting burdens and delays." *Id.* (quotation marks and citations omitted).

### C. Entry of Judgment Standard

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). Entry of judgment is proper only after the court first determines that there is a final judgment "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Following the determination that there is a final judgment, the court should "take into account judicial administrative interests as well as the equities involved" when assessing whether there is no just reason for delay. *Id.* at 8.

## III.   Discussion

### A. Motion for Judgment on the Pleadings

Plaintiffs allege that they had procedural and substantive due process rights, under the Fifth and Fourth Amendments, to pre-deprivation notice and a pre-deprivation hearing before their contracts were terminated. Since they were deprived of these rights, Plaintiffs pleaded a Section 1983 claim. Defendants assert that Plaintiffs had no protected property rights in the contracts and thus failed to state a claim for violation of due process under 42 U.S.C. § 1983.

"To establish a violation under Section 1983, the Plaintiff must show that she has suffered deprivation of her rights, privileges, or immunities secured by the Constitution and laws of the United States." *Oliver v. Forest County General Hosp.*, 785 F. Supp. 590, 593 (S.D.

Miss. 1991). The first step in evaluating a Section 1983 claim is identifying whether the plaintiff has a property or liberty interest protected by the Fourteenth Amendment. *Id.* at 594; *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017) ("The first inquiry in every due process challenge—whether procedural or substantive—is whether the plaintiff has been deprived of a protected interest in property or liberty."); *Wigginton v. Jones*, 964 F.3d 329, 335 (5th Cir. 2020). "This inquiry determines, in effect, whether *any* process was due to the plaintiff." *Oliver*, 785 F. Supp. at 594. The case at bar centers on whether Plaintiffs have protected property interests that required pre-deprivation due process.

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security interests that a person has already acquired in specific benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972)). Plaintiffs can plausibly identify that they possessed property interests in the subject contracts. The Fifth Circuit, in *Teeuwissen*, determined that Plaintiffs had a property interest in the money guaranteed as part of their contracts. 78 F.4th 166, 171-72 (5th Cir. 2023) ("Teeuwissen had a protected property interest in the money that the contracts' early-termination provisions guaranteed him under Mississippi Law."). The Parties, however, dispute whether Plaintiffs' property interests were *constitutionally* protected.[3]

The Court now turns to whether Plaintiffs' "state-created property interests rise to the level of a constitutionally-protected interest." *Wigginton v. Jones*, 964 F.3d at 336 (citation modified). "[F]ederal constitutional law determines whether that [property] interest rises to

---

[3] Defendants cite to Fifth Circuit cases where courts held that certain breach of contract claims did not amount to a constitutional deprivation of property. Docket No. 99 at 5-7 (collecting cases); *see also Boucvlant v. Board of Com'rs of Hosp. Serv. Dist. No. 1, Iberia Pariash*, 798 F.2d 722 (5th Cir. 1986). Plaintiffs respond that Defendants' arguments contravene the Fifth Circuit's opinion in *Teeuwissen v. Hinds Cnty. Mississippi*. Docket No. 117 at 9.

6

the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 757 (2005) (quotation marks, emphasis, and citation omitted). This level is reached "if there are such rules or mutually explicit understandings that support [plaintiffs'] claim of entitlement to the benefit and that [they] may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). Such understandings can be found by looking at the subject contracts. *See id.*; *Roth*, 408 U.S. at 577-78.

Here, Plaintiffs can identify mutually explicit understandings. *See* Docket Nos. 17-1 at 1-2, and 17-3 at 2. Both contracts respectively state:

> Further, if terminated prior to the termination date specified within this Agreement, the County shall be responsible for the total compensation due for the duration of this Agreement; more specifically, compensation equal to the remaining term period of this Agreement.

The Parties were bound by the contracts. *Teeuwissen*, 78 F.4th at 172. In each contract, there was a provision that guaranteed Plaintiffs a right to total compensation. Plaintiffs could have pointed to this specific contractual language at a hearing. As such, they had "more than an abstract need or desire for [a property interest] . . . [they] had a legitimate claim of entitlement." *Roth*, 408 U.S. at 576 (citation modified). Plaintiffs' property rights were constitutionally protected.

"When protected interests are implicated, the right to some kind of prior hearing is paramount." *Roth*, 408 U.S. at 569-70. Plaintiffs were present at the County's Board Meeting during which the Supervisors voted to terminate their contracts. Docket No. 117. However, they "were not given any opportunity for a hearing prior to termination of the contract." *Id.* at 15. That is a plausible violation of due process.

7

This Court finds that Plaintiffs properly pleaded a federal claim asserting a violation of due process of their protected property interests.

Lastly, since this Court finds that Plaintiffs pleaded a federal claim, the Court can and will retain supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(a).[4]

Defendants' *Motion for Judgment on the Pleadings* is denied.

### B. Motion for Reconsideration

Defendants assert that affirmative defenses can be raised—despite the text of Fed. R. Civ. P. 8(c)—as late as in a motion for summary judgment or even in a pretrial order. Thus, they believe that their affirmative defenses have not been waived and should be reconsidered by this Court.

This Court did not directly address waiver in its *Order*, Docket 143. That, however, does not mean that the Court did not consider the issue. This Court's practice is to consider each of the parties' arguments prior to ruling. As is true in all the Court's Orders, "[t]hose [arguments] not specifically addressed would not have changed the outcome." *Brown v. Ford Motor Co.*, 121 F. Supp. 3d 606, 617 (2015). That is the case here. Defendants briefed their

---

[4] Defendants are correct that Fifth Circuit precedent supports that courts generally should decline supplemental jurisdiction if all federal claims are dismissed. *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). This exercise, though, is discretionary. *See* 28 U.S.C. § 1367(c); *Brookshire Bros. Holding v. Dayco Prods.*, Inc., 554 F.3d 595, 602 (5th Cir. 2009) (discussing how § 1367(c) "is neither mandatory nor absolute"). The Fifth Circuit in *Mendoza v. Murphy* found that a district court's retention of jurisdiction over state-law claims, after all the other federal claims were dismissed, was proper. That is because the case had been pending for over a year, the discovery deadline passed, and the parties had fully briefed a motion for summary judgment. 532 F. 3d 342, 346-47 (2008). Here, the case has been pending for over three years. Discovery is complete. The motions deadline has passed. This Court has granted partial summary judgment on the state-law claims. An utter waste of judicial resources would result, if the Court were to remand this case to state court at this stage. *See Jackson Mun. Airport Auth. v. Reeves*, 784 F. Supp. 3d 912, 918-19 (S.D. Miss. 2025).

8

argument on waiver. *See* Docket Nos. 87 at 6-7, and 113 at 1-3. This Court considered these arguments and did not find them persuasive.

In asking the Court to reconsider its decision, Defendants have largely regurgitated the same arguments. They have provided no additional evidence. They have not gestured to changes of the law. They have not pointed to any intervening factor that could warrant this Court to reconsider its *Order*.[5] The Court has broad authority to reconsider its decisions, but the Court must use its discretion wisely and "sparingly."[6] The Court is unpersuaded that it incorrectly decided Plaintiffs' *Motion for Partial Summary Judgment* and Defendants' *Motion for Summary Judgment*. Defendants' *Motion for Reconsideration* is denied.

### C. Motion for Entry of Judgment

Both Parties agree that entry of judgment on Docket Number 143 is proper following this Court's rulings on Defendants' *Motion for Judgment on the Pleadings* and Defendants' *Motion for Reconsideration*. Docket Nos. 152 at 1-2, and 155 at 2.

The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry final judgment as to Plaintiffs' contractual liability claims.

---

[5] This Court, however, is mindful that Rule 54(b) does not require a party to provide "new evidence or an intervening change in or clarification of the substantive law." *Haimur*, No. 3:20-CV-483, 2022 WL 5082202, at *1 (quoting *Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 336 (5th Cir. 2017)).
[6] *Id.*

## IV. Conclusion

Defendants' *Motion*, Docket No. 98, is denied. Defendants' *Motion*, Docket No. 145, is denied. Plaintiffs' *Motion*, Docket No. 150, is granted. A separate Rule 54(b) Final Judgment as to Plaintiffs' contractual liability claims shall issue.

**SO ORDERED**, this the 6th day of October, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
