# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **PIETER TEEUWISSEN,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **HINDS COUNTY, MISSISSIPPI,** *et al.*, <br><br> *Defendants*. | CAUSE NO. 3:22-CV-9-CWR-LGI |

## ORDER

On November 1, 2023, Magistrate Judge Isaac entered the Case Management Order. Docket No. 48. The deadline set for all dispositive motions was May 21, 2024. *Id.* at 5. Judge Issac extended the discovery deadline to May 22, 2024, and she also extended the dispositive motion deadline to June 5, 2024. Minute Entry dated May 6, 2024. Prior to that motion deadline, numerous dispositive motions were filed by Plaintiffs and some of the Defendants. *See* Docket Nos. 49, 75, 86, and 106.

Nearly eleven months after the deadline, Defendants David Archie, Credell Calhoun, and Robert Graham filed an untimely motion for summary judgment on April 25, 2025. Docket No. 156. Plaintiffs Pieter Teeuwissen and Anthony R. Simon filed a motion to strike Defendants' untimely dispositive motion and memorandum in support on April 28, 2025. Docket No. 158. On May 9, 2025, Defendant Mississippi Association of Supervisors Insurance Trust's ("MASIT") filed an untimely motion for summary judgment. Docket No. 161. Plaintiffs filed a motion to strike Defendant MASIT's untimely motion for summary judgment and memorandum in support on May 14, 2025. Docket No. 163. Upon review,

Plaintiffs' motions to strike are granted, and Defendants' motions for summary judgement are stricken as untimely.

The Court will first address Plaintiffs' motions to strike, as these motions impact whether the Court will consider Defendants' untimely motions for summary judgment. In their motions, Plaintiffs present the facts of the Case Management Order and assert that Defendants' motions for summary judgement were filed long after the dispositive motion deadline. Docket Nos. 158 and 163. Plaintiffs are correct that Defendants' motions are untimely, but the Court does have the power to consider untimely filings.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* Order, Docket No. 143 at 3. "Courts in the Fifth Circuit consider four factors when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Weikel v. Jackson Pub. Sch. Dist.*, No. 3:18-CV-408-DPJ-FKB, 2020 WL 1318798, at *2 (S.D. Miss. Mar. 20, 2020) (quoting *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)) (brackets in original) (quotation marks omitted).

Defendants Archie, Calhoun, and Graham "do not dispute" the scheduling order and deadlines that this Court set. Docket No. 159 at 2. Yet, they offer no reason for their untimely submission. Defendants, though, contend Plaintiffs have not "deposed or otherwise sought further discovery concerning these defendants [and] these matters can be resolved by this Court without the necessity of a jury trial." *Id.* at 3 (cleaned up).

2

Defendant MASIT also failed to provide an explanation for why its motion was untimely. MASIT, instead, argues that Plaintiffs would not be prejudiced by the motion. Docket No. 164 at 2. MASIT further maintains that it would be prejudiced by "deferring adjudication of this issue until trial . . . by compelling the needless expenditure of time, fees and costs[.]" *Id*.

This Court has already emphasized that "[t]he fact that the [motion] is important does not alone justify their absence of a good reason to bring it up late." Docket No. 143 at 5. Both Defendants concede their motions are not timely, and they fail to explain why they are raising these issues nearly a year after the dispositive motion deadline. Furthermore, the Defendants did not seek to modify the scheduling order, and they did not seek consent from the Court.

Plaintiffs' motions, Docket Nos. 158 and 163, are granted. Defendants' motions, Docket Nos. 156 and 161, are stricken as untimely. The Court will contact the parties for a date and time to hold a status conference.

**SO ORDERED**, this the 25th day of February, 2026.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
